**People of the State of Illinois, Appellee, v. James Howard Miller, Appellant.**

**Gen. Nos. 49,965, 50,145.**

First District, Fourth Division.

September 9, 1966.

David M. Wishnick, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Albert J. Armonda, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant, James Howard Miller, was convicted of armed robbery after a bench trial and was sentenced to the penitentiary for a term of not less than seven nor more than fifteen years.

## Contentions on Appeal

(1) Defendant was not proven guilty beyond a reasonable doubt;

(2) defendant was denied his right to examine a prior written statement of a prosecution witness to the police; and

(3) evidence introduced at the trial was obtained by means of an unconstitutional search and seizure.

## Evidence

On December 14, 1962, the S & S Food and Liquor Mart in Posen, Illinois, was robbed by a man identified as the defendant by two witnesses: Carol Shute, a cashier, and Hyman Schneider, the store manager. According to the testimony defendant entered the store at 9:25 p. m. carrying a rifle and wearing a rain slicker with a hood which was on his head; defendant walked to the counter, aimed the rifle at Mrs. Shute and demanded the money in the cash register, which she gave to him in a paper bag (she estimated the amount of money to be "well over $100" but Schneider stated it was about $378). As she handed defendant the money Schneider came from the rear of the store, whereupon defendant turned and pointed the rifle at him and backed out of the store carrying the bag of money. Schneider grabbed a gun and gave chase into the parking lot but stopped when the defendant fired a shot at him. Defendant drove away in a blue automobile (either a Ford or Plymouth), whereupon he (Schneider) returned to the store and called the police.

263

Defendant's automobile was stopped approximately thirty-five minutes later by a South Holland police officer (Ted DeGraff) because it was weaving from lane to lane. Defendant had been driving with one hand and putting something into the glove compartment with the other hand. Defendant first told the officer that he had not been drinking but later stated that he had a few drinks. After taking the defendant's license, DeGraff returned to his squad car and heard a radio broadcast; he looked at the defendant's car and "it matched somewhat"; he radioed for another squad car and defendant was arrested, after which his automobile was searched. Found in the trunk were a rifle with one empty shell in the chamber and a slicker (both of which were introduced into evidence at the trial). Both were identified by Mrs. Shute and Schneider as being similar to those used by the defendant during the robbery. The officers also found dollar bills strewn on and under the front seat and in the glove compartment of the car. None of the articles were removed from defendant's car nor was the money counted.

Defendant was taken to the South Holland police station and shortly thereafter the Posen police chief (Andrew Steczo) arrived with Hyman Schneider. Schneider identified defendant as the robber. Defendant was turned over to the Posen police after which Steczo, accompanied by Schneider, searched the defendant's car and removed the aforesaid articles therefrom (Steczo counted the money and found $116). The defendant was then transported to Posen by Steczo in the company of Schneider and, en route to the police station, they stopped at the S & S Food Mart where the defendant was identified as the robber by Mrs. Shute.

At the trial defendant denied committing the robbery. He stated that on the day of the robbery he had received and cashed his paycheck and that after work he went on a squirrel hunt from which he was returning when ar-

rested. The defendant also presented the testimony of Helen King, paymaster at U. S. Reduction Company in East Chicago, Indiana, who stated that defendant was employed there until the week ending December 16, 1962. She could not state whether defendant was working on December 14. She testified that defendant's earnings in the weeks prior to the robbery ranged from $90 to $128 per week. (She was not asked whether defendant was paid any money on the day of the robbery.)

## Opinion

■■■ (1) We find that the evidence adduced at the trial was sufficient to prove the defendant guilty beyond a reasonable doubt. He was positively identified by two witnesses who had ample opportunity to view him. The fact that defendant was not viewed in a lineup does not destroy the competency of the identification. People v. McCall, 29 Ill2d 292, 194 NE2d 222. The credibility of the witnesses in a bench trial is for the trial judge to determine. People v. Johnson, 47 Ill App2d 441, 198 NE2d 173.

■■ ■■ (2) Defendant's contention that he was denied his right to examine a prior written statement to the police of a prosecution witness (Carol Shute) is without merit. While Mrs. Shute first stated that she gave the police a description of the robber, after some confusion she testified upon examination by the trial judge that the only written statement which she signed was given in the State's Attorney's office in connection with her Grand Jury testimony.[1] The judge ordered the Posen police to produce its entire file in the case but no statement was found. A defendant is entitled to the production of a statement for impeachment purposes only

---

[1] While defense counsel insisted upon production of Carol Shute's alleged statement to the police, counsel at no time requested any statement which she may have made in connection with her Grand Jury testimony.

after a showing that such statement exists. People v. Wright, 30 Ill2d 519, 198 NE2d 316; People v. Arnold, 76 Ill App2d 269.

While defendant also argues that the trial judge abruptly terminated the cross-examination of Chief Steczo before defense counsel was through questioning the witness concerning the possible whereabouts of Mrs. Shute's statement, we find no substantiation of this in the record.

(3) Defendant contends for the first time on appeal that his raincoat and rifle were inadmissible as evidence because they were obtained by means of an unconstitutional search and seizure. While defendant concedes that during the trial no objection was interposed to the use or admission into evidence of the slicker and rifle seized from the trunk of his car, he contends that the failure of trial counsel to object could not operate as a waiver of his constitutional rights, relying upon Fay v. Noia, 372 US 391.

While Fay v. Noia, supra, was a habeas corpus proceeding, the doctrine expounded by the court in that case was further discussed by the court in a direct appeal in Henry v. Mississippi, 379 US 443. In the latter case, decided on January 18, 1965, the United States Supreme Court vacated a judgment of conviction and remanded the cause to the state court for a hearing to determine whether the petitioner had knowingly waived his right to complain of the admission into evidence of a police officer's testimony which was based upon his findings during an alleged illegal search. The court pointed out that while no contemporaneous objection was made, at the close of the State's evidence petitioner moved for a directed verdict on the ground of the erroneous admission of the officer's testimony.[2] The court also stated at pages 448, 449 that:

---

[2] The trial court in that case charged the jury that the defendant could not be found guilty "on the unsupported and uncor-

The Mississippi rule requiring contemporaneous objection to the introduction of illegal evidence clearly does serve a legitimate state interest. By immediately apprising the trial judge of the objection, counsel gives the court the opportunity to conduct the trial without using the tainted evidence. If the objection is well taken the fruits of the illegal search · may be excluded from jury consideration, and a reversal and new trial avoided. But on the record before us it appears that this purpose of the contemporaneous-objection rule may have been substantially served by petitioner's motion at the close of the State's evidence asking for a directed verdict because of the erroneous admission of the officer's testimony. For at this stage the trial judge could have called for elaboration of the search and seizure argument and, if persuaded, could have stricken the tainted testimony or have taken other appropriate corrective action. . . . In these circumstances, the delay until the close of the State's case in presenting the objection cannot be said to have frustrated the State's interest in avoiding delay and waste of time in the disposition of the case.

In the instant case, however, the question of the alleged illegally seized evidence was not raised at any time during the trial or in defendant's post-trial motions for a new trial and in arrest of judgment. Therefore, the trial judge was not given an opportunity either to conduct the trial without the alleged tainted evidence or to exclude the evidence.

Therefore, the instant case is distinguishable from Henry v. Mississippi, supra.

In People v. Harris, 33 Ill2d 389, 211 NE2d 693, filed subsequent to the decision in Henry v. Mississippi, supra,

roborated testimony of the complainant alone." The testimony of the police officer was the only corroborating testimony.

267

■■■■■■■

on November 19, 1965, the Illinois Supreme Court considered the sole argument that "the wallet in question was obtained by an illegal search and seizure pursuant to an illegal arrest." The court stated at page 390:

> [W]e have carefully examined the entire record and find that neither the defendant nor his counsel had at any time moved to suppress the evidence in question. We also find a complete lack of any objection to the admission of this evidence on the ground that it was illegally obtained or on any other specific ground.
>
> Defendant's post-trial motions for a new trial and in arrest of judgment are also devoid of any reference to the impropriety of the admission of this evidence . . . . It is well settled that this court will not consider the question of illegal search and seizure . . . where it has not been raised before the trial court.

■■ To permit the defendant in the instant case to raise the issue of the illegal search and seizure for the first time on appeal would frustrate the State's interest in avoiding delay and waste of time in the disposition of the case. We find that defendant waived any objections to the introduction into evidence of the articles in question.

### Holding on Appeal

The judgment of the trial court is affirmed.

Affirmed.

ENGLISH and McCORMICK, JJ., concur.