THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD CARR, Defendant-Appellant.

(No. 58771;

First District (3rd Division)—June 6, 1974.

Elliott T. Price, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and John B. Adams, *Assistant State's Attorneys, of counsel*), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The mezzanine section of Turner-Fagman Clothiers, a clothing store

located in the Sherman Hotel, Chicago, was broken into on a weekend in June 1970, and a quantity of merchandise was taken. The defendant, Richard Carr, was arrested for the crime, tried by a jury, found guilty and sentenced. The evidence proved him to be guilty beyond a reasonable doubt, but two trial errors impel the reversal of his conviction and the remandment of his case for another trial.

A fur coat with a Turner-Fagman label was found in Carr's apartment. At this trial a motion was made to suppress this evidence. The court denied the motion without conducting a hearing to determine if the search and seizure was constitutionally permissible. The State concedes that this was error, but suggests that the case be remanded instead of reversed, with directions to vacate the judgment and to hold a hearing on the motion to suppress, and if the motion should be allowed to grant the defendant a new trial and if it is denied to enter a new judgment of conviction.

This is approved procedure (*People v. Thomas* (1967), 88 Ill.App.2d 71, 232 N.E.2d 259) and would be proper if the failure to conduct a hearing on the motion were the only trial error. However, it was not. A police officer injected into the case intimations that Carr had committed criminal offenses other than the burglary for which he was being tried. In his testimony the officer related a conversation he had with Carr after his arrest. He quoted Carr as saying that he worked with a person named Scott "who is buying all my stolen property * * *." The defendant's objection was overruled and the officer continued to testify that Carr said, "Scott, who was buying this stolen property, * * * was waiting out in the back of his [Carr's] building now to pick up the machines that were up in his apartment, the office machines."

A defendant is entitled to have his guilt or innocence determined solely with reference to the crime with which he is charged and evidence of other offenses unrelated to the crime from which he is on trial is incompetent. (*People v. Gregory* (1961), 22 Ill.2d 601, 177 N.E.2d 120; *People v. Brown* (1972), 3 Ill.App.3d 1022, 279 N.E.2d 765.) The references to all Carr's stolen property and to the office machines which were in Carr's apartment (no such machines had been taken in the Turner-Fagman burglary) implied that Carr had been involved in other burglaries or thefts. There was no legal justification for informing the jury of this damaging portion of Carr's statement and its inclusion in the officer's testimony was prejudicial and denied the defendant a fair trial.

The judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

McNAMARA, P. J., and McGLOON, J., concur.