THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GUS MORDICAN, Defendant-Appellant.

(Nos. 58968-69 cons.;

First District (5th Division)—October 24, 1975.

James J. Doherty, Public Defender, of Chicago (James N. Gramenos, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRETT delivered the opinion of the court:

Defendant was convicted after a jury trial of unlawful use of weapons (Ill. Rev. Stat. 1969 ch. 38, par. 24—1(a)(7)), and sentenced to a term of two to five years. Subsequently, as a result of the above conviction, defendant's probation on an unrelated charge was revoked and he was sentenced to one to two years to run consecutively. It is from the conviction of unlawful use of weapons as well as the probation revocation that defendant appeals.

On appeal, defendant raises five issues for this court's consideration: (1) whether a search and seizure from a residential home absent an arrest or search warrant was unreasonable when conducted eight days after the date of the offense; (2) whether the State committed reversible error in referring to a previous criminal charge in which the defendant had been acquitted in its opening statement and case-in-chief; (3) whether the defendant's fifth amendment privilege against self-incrimination was violated by a prosecutor's comment in closing argument that the State's evidence was undenied where the defendant had presented two witnesses but did not testify himself; (4) whether a prosecutor exceeded proper bounds of fundamental fairness by stating, after the trial judge sustained defense objections to the State's line of questioning, that defense counsel was "hiding things from the jury"; (5) whether the evidence presented by the State was sufficient to prove defendant guilty of unlawful use of

weapons where the evidence indicated that another person also had possession and custody of the room in which the shotgun was found.

The record discloses that on December 29, 1970, four officers of the Chicago Police Department went to the residence of defendant to arrest him for an armed robbery committed on December 21, 1970. The officers possessed neither an arrest warrant for defendant nor a search warrant for the premises. After knocking on the door, the policemen were admitted inside the premises by Lois Beals who stated that defendant was not at home. The officers then proceeded into a bedroom of the apartment and, upon lifting a mattress, found a shotgun which is the subject matter of the instant case. The defendant was subsequently found hiding in a well outside a bathroom window and arrested.

Defendant was first tried in a separate proceeding for the armed robbery which occurred on December 21, 1970. Prior to the beginning of that trial defendant presented a motion to suppress the shotgun based upon an unreasonable search and seizure of the premises. The same judge who subsequently presided over the unlawful use of weapons trial determined that the evidence obtained without a warrant was admissible in the robbery trial. Following a trial by a jury, defendant was acquitted of the robbery charge.

The State then proceeded to try defendant on the instant charge of unlawful use of weapons. While defense counsel admittedly filed no formal motion to suppress the same shotgun prior to the beginning of this trial, he did object to the introduction of such evidence and to any testimony pertaining thereto throughout the trial. The following colloquy occurred in chambers between the attorneys and the trial judge concerning the issue of whether the trial court was legally empowered to entertain a second motion to suppress the shotgun:

"State's Attorney: As far as your other motions about he [the officers] didn't have the right to seize the gun and so forth, there was not a motion to suppress filed in this case.

Defense Counsel: A motion to exclude was made at the time of the introduction.

The Court: However, I did hear the other case [the armed robbery] and based upon the evidence which I heard in the other case, I feel that the police department in this particular case did have sufficient grounds to go into the apartment.

Defense Counsel: They had no warrant.

The Court: And probable cause at the time for the arrest of Gus Mordican for armed robbery for which he was charged, tried and he was acquitted. And they did have probable cause to enter that

apartment to search for him to make the arrest. And it's in the preparation or part of making the arrest that they turned over the bed and so forth which was going into the other case and *that's why the motion to suppress was not filed as far as this case is concerned because we did hear the evidence in the other case.* I just don't want to have the record show that I am stopping you from filing a motion to suppress at this time. *That evidence was heard by me in the other case as part of a jury trial."* (Emphasis added.)

Following resumption of the trial before the jury, defendant was convicted of unlawful use of weapons.

## Opinion

On appeal, defendant's first contention is that the trial court erred in admitting the shotgun and any testimony pertaining to it since predicated on an unlawful search and seizure. The State responds to this contention by suggesting that defendant is barred in the instant case from raising the issue of the legality of the search and seizure under the doctrine of collateral estoppel, *i.e.,* that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Application of the above doctrine leads the State to conclude that since the same judge had previously ruled the shotgun admissible in a prior armed robbery trial, that same evidence is similarly admissible in the instant case without the necessity of a hearing on that issue. We disagree with the State.

The State places substantial reliance for application of the collateral estoppel doctrine to the instant facts on the case of *People v. Hopkins,* 52 Ill.2d 1, 284 N.E.2d 283. In *Hopkins,* the defendant was being tried for attempted rape after previously being convicted of the unrelated charges of robbery and attempted rape. In connection with the trial of the earlier charges, a trial judge had conducted motions to suppress both physical evidence and identification testimony and had decided the issues adversely to the defendant. In the subsequent attempted rape trial, defendant again moved to suppress the same evidence. The trial judge denied both motions without a hearing, solely on the ground that defendant had already had hearings to suppress the physical evidence and the identification testimony and held the evidence admissible. On review, our Supreme Court made the following observations concerning the collateral estoppel doctrine:

"The fact that the same item of evidence may be relevant in

several trials involving a defendant does not, without more, entitle him to repeated hearings as to the validity of the arrest and search which produced the item.

The extent to which the doctrine of collateral estoppel may be used against a defendant in a criminal case is, of course, severely limited, as pointed out by Chief Justice Burger in his dissent in *Ashe v. Swenson* [citations]. The notion of mutuality, which so largely characterizes the use of the doctrine in civil cases, cannot be given full pay in criminal cases. Moreover, a defendant, unlike the prosecution, is not allowed an immediate appeal from an adverse ruling upon a motion to suppress. He cannot review that ruling until after he has been convicted and sentenced. And for a variety of reasons he might not wish to appeal, *or as in the case of an acquittal at the first trial, he might not be able to do so. But there has been no suggestion in this case that any of these situations existed,* or that any evidence in addition to that submitted upon the first hearing had become available for submission in connection with the motion to suppress in the present case." (Emphasis added.) 52 Ill.2d 1, 3-4.

■■ Unlike the circumstances presented to the court in *Hopkins,* defendant here was acquitted on the prior armed robbery charge after receiving an adverse ruling on his motion to suppress in that case. Clearly no opportunity was ever available to defendant to seek a review of the propriety of the trial court's ruling on the initial motion to suppress. We believe this to be the exact factual situation to which the Supreme Court in *Hopkins* suggested the collateral estoppel doctrine should not be applied. "The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality." (*Ashe v. Swenson,* 397 U.S. 436, 444, 25 L.Ed.2d 469, 475, 90 S.Ct. 1189.) We therefore conclude that defendant in the instant case was entitled to a full and complete hearing on the motion to suppress the shotgun and that the trial court erred in its determination that defendant was barred under the collateral estoppel doctrine from litigating this issue.

The State also suggests that, if we conclude that collateral estoppel is inapplicable to bar defendant from litigating the motion to suppress evidence, we must nevertheless find that defendant waived the right to litigate this issue by his failure to file a formalized motion in the trial court. We believe this argument is similarly unpersuasive. It is clear by reference to the above colloquy whch occurred in chambers that the trial

judge argued, and the State believed, that application of the collateral estoppel doctrine barred the defendant from filing a motion to suppress evidence in the instant case; that since the same judge had presided over a motion to suppress the shotgun in the robbery trial he could not decide the same motion in this proceeding. We can find little fairness or propriety in the State suggesting that defendant could not file a motion in the trial court and then arguing on appeal that defendant waived that particular motion by a failure to file it. The purpose of a defense counsel's motion to suppress evidence is to allow the trial judge to rule upon evidence which the defendant claims was unlawfully obtained. In the present case, defense counsel explicitly objected throughout trial to the introduction of the shotgun and any testimony concerning evidence found in defendant's residence on the specific ground that an unlawful search and seizure had occurred. Defendant therefore provided numerous opportunities for the trial judge to consider the reasonableness of the search and seizure and to exclude such evidence if he believed he was legally empowered to do so. Any waiver argument is therefore inapplicable.

██ We find the circumstances in the instant case clearly distinguishable from the legion of cases in which defendant has made no objection of any kind before the trial court as to the admissibility of evidence and then presents the issue of the reasonableness of the search and seizure for the first time on review. If such were the circumstances, we would find no difficulty in holding that defendant had waived the right to present such issue for review. *People v. Moore,* 74 Ill.App.2d 24, 220 N.E.2d 105; *People v. Miller,* 76 Ill.App.2d 261, 222 N.E.2d 153.

██ If the failure to provide a full hearing on defendant's motion to suppress was the only error alleged to have been committed in the trial court, we would remand the case with instructions to vacate the judgment of conviction and provide the required hearing. (*People v. Thomas,* 88 Ill.App.2d 71, 232 N.E.2d 259.) However, the more recent cases of *People v. Carr,* 20 Ill.App.3d 838, 314 N.E.2d 374, obligates this court to search beyond the singular issue of whether defendant was entitled to a hearing on a motion to suppress, and to determine if other error was committed in the trial court before deciding what relief shall be granted. Any additional error would require this court to reverse and remand for a new trial. (*People v. Carr,* 20 Ill.App.3d 838, 314 N.E.2d 374.) We therefore will consider other issues raised by defendant.

Defendant's next contention is that the prosecutor committed reversible error by referring in his opening statement and case-in-chief to a previous criminal charge in which the defendant had been acquitted. The

State responds to this contention by maintaining that the defendant was not prejudiced by the prosecutor's remark and that defendant waived the issue by his failure to object.

The record discloses the following comments by the prosecutor during his opening statement to the jury:

"The State will prove that on the 29th of December, 1970, in the morning, police officers went to the home of Gus Mordican. The State will further prove that they went there for an investigation concerning Gus Mordican. They went there to arrest him.

\* \* \*

They told him he was under arrest for investigation of an armed robbery, advised him of his rights. The police took him into custody.

Don't concern yourselves with the armed robbery. He's not on trial for that."

Following the conclusion of opening statements, the State called as its first witness officer John DiMaggio of the Chicago Police Department who testified under questioning by the prosecutor as follows:

"Q. And what was your assignment on that date, [December 29, 1970] if you can recall?

A. I was assigned to assist three investigators to effect an arrest.

Q. And where did you go to effect that arrest?

A. I believe it was 1041 North Franklin.

Q. And for whom were you going to effectuate the arrest?

A. A person by the name of Gus Mordican.

Q. For what reason?

A. For armed robbery."

"A defendant is entitled to have his guilt or innocence determined solely with reference to the crime with which he is charged and evidence of other offenses unrelated to the crime from which he is on trial is incompetent." (*People v. Carr*, 20 Ill.App.3d 838, 839, 314 N.E.2d 374.) In reviewing a similar question in *People v. Butler*, 133 Ill.App.2d 299, 301-02, 273 N.E.2d 37, the court commented:

"The general rule is that the admission of evidence concerning a distinct substantive offense, in support of the offense charged, is sufficiently prejudicial to be considered reversible error. [Citation.] Where testimony concerning another crime has no value except to create an inference that the accused has committed the current crime, the other-crime testimony should be excluded. [Citation.] Even though the crime may be relevant and material, when the nature of the crime is such as to highly inflame prejudice

against defendant in the minds of the jury, the court will exclude evidence of the other crime. [Citation.]"

■■ The record at bar discloses that the State was responsible on two different occasions for drawing the attention of the jury to the fact that defendant had been arrested for an armed robbery. Furthermore, these comments were made or elicited by the prosecutor with full knowledge of defendant's previous acquittal on the armed robbery charge. Given these circumstances, we can only conclude that the comments were both unnecessary and highly prejudicial to defendant's right to a fair trial. While the general rule prevails that errors in alleged prejudicial statements will not be considered on appeal unless objected to in the trial court, a narrow exception has been recognized where the reviewing court finds that the comments have risen to the level where defendant was deprived of a fair trial. (*People v. Moore,* 9 Ill.2d 224, 137 N.E.2d 246; *People v. Fort,* 14 Ill.2d 491, 153 N.E.2d 26.) We thus find it necessary to rule on this issue raised by defendant and conclude that the prosecutor's actions denied defendant his right to a fair trial.

■■ We also find no merit to defendant's claim that he was not proven guilty beyond a reasonable doubt. The evidence showed that the shotgun dropped from a bed in defendant's apartment and defendant was found secreted under a window. Defendant admitted ownership of the gun and no objection was made to its admission into evidence.

Based upon the resolution of the foregoing issues, we deem it unnecessary to decide any other questions raised by defendant. The judgment of conviction on both the unlawful use of weapons and probation revocation are reversed and remanded for a new trial.

Reversed and remanded.

DRUCKER and LORENZ, JJ., concur.