659 F.2d 741
 UNITED STATES of America ex rel. Larry FULTON, Petitioner-Appellant,
v.
Gayle FRANZEN, Director, Department of Corrections, State of
Illinois, and James Fairman, Warden, Pontiac
Correctional Center, Respondents-Appellees.
 No. 80-1792.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 13, 1981.
Decided Aug. 26, 1981.
Rehearing Denied Oct. 14, 1981.
 
 Richard Faust, Chicago, Ill., for petitioner-appellant.
 James E. Fitzgerald, Chicago, Ill., for respondents-appellees.
 Before CUMMINGS, Chief Circuit Judge, BAUER, Circuit Judge, and SPEARS*, Senior District Judge.
 BAUER, Circuit Judge.
 
 
 1
 Petitioner-appellant Larry Fulton appeals from the denial of his petition for a writ of habeas corpus. We affirm.
 
 
 2
 * Fulton was indicted in Illinois for armed robbery, aggravated battery, attempted murder, and murder. Fulton's car, a 1968 black over green Oldsmobile Cutlass, matched the description of the getaway car. Fulton admitted that he drove two men to the area of the crime. He claimed, however, that he was ordered to drive them there by his sister's boyfriend and that he was told that the men were musicians on the way to rehearsal. Fulton was tried as a principal[1] and as an aider and abettor. The jury convicted him of all charges.
 
 
 3
 Prior to trial, the State of Illinois instituted a forfeiture action against Fulton's car. Ill.Rev.Stat. ch. 38, § 36-2. The trial court granted Fulton's motion for a directed verdict, ruling that "there is no information persuasive to connect the automobile with the offense in question, so the plaintiff's case has to fall on that basis."
 
 
 4
 On appeal to the Illinois Appellate Court, Fulton claimed that the result of the forfeiture action collaterally estopped the State from trying Fulton as an aider and abettor. The Illinois Appellate Court held collateral estoppel inapplicable because "the ultimate issue of whether the defendant participated in the crime was not litigated in the civil forfeiture proceeding." People v. Fulton, 68 Ill.App.3d 915, 25 Ill.Dec. 334, 386 N.E.2d 605, 613 (Ill.App.1979).
 
 
 5
 On his petition for a writ of habeas corpus, the district court held that Fulton's conviction was not barred by double jeopardy. It stated that it could not find "a single case holding that a prior civil in rem forfeiture proceeding bars a subsequent criminal prosecution."
 
 II
 
 6
 Fulton's first contention on appeal is that his conviction violated the double jeopardy clause.[2] His claim can succeed only if the prior forfeiture proceeding was a criminal trial or punishment. Helvering v. Mitchell, 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938).
 
 
 7
 The Illinois forfeiture proceeding, however, is considered by the Illinois courts as a civil in rem action against the seized vehicle. Ill.Rev.Stat. ch. 38, § 36-2;[3] People ex rel. Hanrahan v. 1965 Oldsmobile, 52 Ill.2d 37, 284 N.E.2d 646, rev'd on other grounds per curiam sub nom. Robinson v. Hanrahan, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972). The action is civil in form: it is governed by the Illinois Civil Practice Act and the State need prove the elements of the forfeiture by only the preponderance of the evidence. These factors are considered by the Supreme Court determinative of whether a forfeiture proceeding is criminal or civil for double jeopardy purposes. One Lot Emerald Cut Stones and One Ring v. United States, 409 U.S. 232, 235-37, 93 S.Ct. 489, 492-93, 34 L.Ed.2d 438 (1972) (per curiam). Since Fulton was not subjected to a criminal action in the forfeiture suit, his criminal trial did not offend double jeopardy.
 
 III
 
 8
 The next issue is whether the judgment in the forfeiture proceeding was entitled to any preclusive effect in Fulton's criminal trial. Fulton argues here that the determination that his car was not involved in a crime collaterally estopped the State from introducing evidence about the car in the trial.
 
 
 9
 The Supreme Court has expressly declined to rule whether a refusal to apply collateral estoppel when double jeopardy is not offended violates due process. Hoag v. New Jersey, 356 U.S. 464, 471, 78 S.Ct. 829, 834, 2 L.Ed.2d 913 (1958). Apparently, only one circuit has decided that question, holding that failing to give collateral estoppel effect to an order suppressing evidence violates due process. United States ex rel. DiGiangiemo v. Regan, 528 F.2d 1262 (2d Cir. 1975), cert. denied, DiGiangiemo v. Olgietti, 426 U.S. 950, 96 S.Ct. 3172, 49 L.Ed.2d 1187 (1976).
 
 
 10
 We cannot, however, decide the issue because it is not properly before us. We have reviewed the record available to the district court and this court. It appears that Fulton's trial counsel made no objection whatsoever to evidence or testimony relating to the car.[4] On appeal, Fulton's counsel argued only the broader contention that the forfeiture action barred Fulton's prosecution as an aider and abettor entirely, not the narrow question of evidence asserted here. 386 N.E.2d at 612. Therefore, neither the trial nor the appellate court had the opportunity to decide whether Illinois' rule of collateral estoppel should be applied as urged by Fulton. Under Illinois law, failure to object bars review unless plain error; there is no contention that plain error is involved here. People v. Godsey, 74 Ill.2d 64, 23 Ill.Dec. 117, 383 N.E.2d 988 (1978).[5] Illinois' contemporaneous objection rule fulfills a legitimate state interest in avoiding delay and promoting finality. People v. Miller, 76 Ill.App.2d 261, 267, 222 N.E.2d 153 (1966). Under the circumstances, Fulton is barred from raising the contention on habeas. Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977); Pharr v. Israel, 629 F.2d 1278, 1289 (7th Cir. 1980), cert. denied, 449U.S. 1088, 101 S.Ct. 880, 66 L.Ed.2d 815 (1981).
 
 
 11
 Although we will not lightly infer waiver, the consequences of Fulton's waiver in this case are significant. Although Fulton's counsel asked for a transcript of the forfeiture proceeding (and used it once at trial to impeach a witness), it was never made part of the record before the district court, or, for that matter, the Illinois Appellate Court. The only record we have of the proceeding is the holding of the presiding judge, which has been simply quoted in the briefs. Without a record of the forfeiture hearing, the district court would be unable to determine what issues were actually decided at the forfeiture hearing on what evidence. The court would thus be unable to fulfill Ashe v. Swenson's mandate that the court, in applying collateral estoppel, must examine the proceedings in the previous trial. 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469.
 
 
 12
 Thus, even if we were to decide collateral estoppel should have some effect here, we or the district court would be unable to grant Fulton any relief. We will not render what would be an advisory opinion. Accordingly, we do not decide Fulton's collateral estoppel claim.
 
 IV
 
 13
 Fulton also appeals the dismissal of his claim that his fourth amendment rights were violated by the arresting officers. We have reviewed the record, and agree with the district court that Fulton's claim was fully and fairly litigated in the Illinois courts. Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).
 
 
 14
 Accordingly, the decision of the district court is
 
 
 15
 Affirmed.
 
 
 
 *
 The Honorable Adrian A. Spears, Senior Judge of the United States District Court for the Western District of Texas, is sitting by designation
 
 
 [1]
 A witness identified him as the assailant in a line-up
 
 
 [2]
 "... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; ...." U.S.Const. amend. V
 
 
 [3]
 Ill.Rev.Stat. ch. 38, § 36-1 provides in part:
 Any vessel, vehicle or aircraft used with the knowledge and consent of the owner in the commission of, or in the attempt to commit as defined in Section 8-4 of this Code, an offense prohibited by (a) Section 9-1 ... of this Code ... may be seized and delivered forthwith to the sheriff of the county of seizure. Within 15 days after such delivery the sheriff shall give notice of seizure to each person ... within the 15 day period the sheriff shall also notify the State's Attorney of the county of seizure about the seizure.
 Ill.Rev.Stat. ch. 38, § 36-2 provides in part:
 (a) The State's Attorney in the county in which such seizure occurs if he finds that such forfeiture was incurred without willful negligence or without any intention on the part of the owner of the vessel, vehicle or aircraft or any person whose right, title or interest is of record as described in Section 36-1, to violate the law, or finds the existence of such mitigating circumstances as to justify remission of the forfeiture, may cause the sheriff to remit the same upon such terms and conditions as the State's Attorney shall exercise his discretion under the foregoing provisions of this Section 36-2(a) promptly after notice is given in accordance with Section 36-1. If the State's Attorney does not cause the forfeiture to be remitted he shall forthwith bring an action for forfeiture in the Circuit Court within whose jurisdiction the seizure and confiscation has taken place. The State's Attorney shall give notice of the forfeiture proceeding by mailing a copy of the Complaint in the forfeiture proceeding to the persons, and upon the manner, set forth in Section 36-1. The owner of the seized vessel, vehicle or aircraft or any person whose right, title, or interest is of record as described in Section 36-1, may within 20 days after the mailing of such notice file a verified answer to the Complaint and may appear at the hearing on the action for forfeiture. The State shall show at such hearing by a preponderance of the evidence, that such vessel, vehicle or aircraft was used in the commission of an offense described in Section 36-1. The owner of such vessel, vehicle or aircraft or any person whose right, title, or interest is of record as described in Section 36-1, may show by a preponderance of the evidence that he did not know, and did not have reason to know, that the vessel, vehicle or aircraft was to be used in the commission of such an offense or that any of the exceptions set forth in Section 36-3 are applicable. Unless the State shall make such showing, the Court shall order such vessel, vehicle or aircraft released to the owner.
 
 
 [4]
 Fulton's counsel did object to the giving of instructions on the accountability theory. But the record reveals that the basis of his objection was an asserted lack of evidence generally; he nowhere intimated that the evidence relating to the car should have been excluded
 
 
 [5]
 Further, counsel's failure to object to evidence is a matter of trial strategy binding on the client. People v. Williams, 36 Ill.2d 194, 204-205, 222 N.E.2d 321 (1966)