## ROBINSON *v.* HANRAHAN, STATES ATTORNEY OF COOK COUNTY

No. 71–6918.   Decided October 24, 1972

PER CURIAM.

On June 16, 1970, appellant was arrested on a charge of armed robbery and, immediately thereafter, the State of Illinois instituted forfeiture proceedings against appellant's automobile pursuant to the Illinois vehicle forfeiture statute, Ill. Rev. Stat., c. 38, § 36–1 *et seq.* (1969). Appellant was held in custody in the Cook County jail from June 16, 1970, to October 7, 1970, awaiting trial. Nevertheless, the State mailed notice of the pending forfeiture proceedings, not to the jail facility, but to appellant's home address as listed in the records of the Secretary of State.[1] It is undisputed that ap-

---

[1] Under Illinois law, the address of a vehicle owner must be registered in the office of the Secretary of State. Ill. Rev. Stat., c. 95½, § 3–405 (1971). The Illinois vehicle forfeiture statute authorizes service of notice by certified mail to the address as listed in the records of the Secretary of State. Ill. Rev. Stat., c. 38, § 36–1 (1969).

pellant, who remained in custody throughout the forfeiture proceedings, did not receive such notice until his release.[2] After an *ex parte* hearing on August 19, 1970, the circuit court of Cook County ordered the forfeiture and sale of appellant's vehicle.

Upon learning of the forfeiture after his release, appellant filed a motion for rehearing, requesting that the order of forfeiture be set aside because the manner of notice did not comport with the requirements of the Due Process Clause of the Fourteenth Amendment. The circuit court of Cook County denied the motion. On appeal, the Supreme Court of Illinois, three justices dissenting, held that, in light of the *in rem* nature of the proceedings, substituted service as utilized by the State did not deny appellant due process of law. *People ex rel. Hanrahan* v. *One 1965 Oldsmobile*, 52 Ill. 2d 37, 284 N. E. 2d 646 (1972). We cannot agree.

In *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U. S. 306 (1950), after commenting on the vagueness of the classifications *"in rem,* or more indefinitely *quasi in rem,* or more vaguely still, 'in the nature of a proceeding *in rem,'* " this Court held that "the requirements of the Fourteenth Amendment to the Federal Constitution do not depend upon a classification for which the standards are so elusive and confused generally and which, being primarily for state courts to define, may and do vary from state to state." *Id.*, at 312. "An elementary and fundamental requirement of due process in

---

[2] Appellant was tried on October 7, 1970, for the offense of armed robbery. The court, sitting without a jury, found appellant guilty only of plain robbery and sentenced him to probation for three years, the first four months of which to be served in the Cook County jail. In light of appellant's pretrial detention, the four-month requirement was "considered served" and appellant was released immediately on his own recognizance.

any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.,* at 314. More specifically, *Mullane* held that notice by publication is not sufficient with respect to an individual whose name and address are known or easily ascertainable. Similarly, in *Covey* v. *Town of Somers,* 351 U. S. 141 (1956), we held that, in the context of a foreclosure action by the town, notice by mailing, posting, and publication was inadequate where the individual involved was known by the town to be an incompetent without the protection of a guardian. See also *Schroeder* v. *New York,* 371 U. S. 208 (1962); *Walker* v. *City of Hutchinson,* 352 U. S. 112 (1956); *New York* v. *New York, N. H. & H. R. Co.,* 344 U. S. 293 (1953).

In the instant case, the State knew that appellant was not at the address to which the notice was mailed and, moreover, knew also that appellant could not get to that address since he was at that very time confined in the Cook County jail. Under these circumstances, it cannot be said that the State made any effort to provide notice which was "reasonably calculated" to apprise appellant of the pendency of the forfeiture proceedings.[3] Accordingly, we grant the motion for leave to proceed *in forma pauperis,* reverse the judgment of the Supreme Court of Illinois, and remand for further proceedings not inconsistent with this opinion.

---

[3] Since we dispose of this case on the notice question, we do not reach the additional issues raised by appellant.