

THE ATTORNEY GENERAL

OF TEXAS

JOHN L. HILL.
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 29, 1976

The Honorable Wilson E. Speir
Director
Texas Department of Public Safety
5805 N. Lamar Boulevard
Austin, Texas   78773

Opinion No. H-905

Re:  Forfeiture of motor
vehicles under article
6687-1, section 49,
V.T.C.S.

Dear Colonel Speir:

You have inquired about the forfeiture of vehicles under article 6687-1, section 49, V.T.C.S.  Your first question asks whether a specific court order placed valid legal title to the vehicle described therein in the Texas Department of Public Safety.  Since we cannot sit as a court of appeals to review judgments of the trial courts of this State, we decline to answer your first question.  See Attorney General Opinion O-1847 (1940).

You also ask whether article 6687-1, section 49, provides a constitutional procedure for forfeiting vehicles to the State.  This section states in pertinent part:

> (a) Any person who shall alter any certificate of title issued by the Department, or forge or counterfeit any certificate of title purporting to have been issued by the Department under the provisions of this Act, or who shall alter or falsify or forge any assignment thereof, shall be guilty of forgery and upon conviction thereof shall be punished as provided by law.

> (b) It shall be unlawful for any person to alter, change, erase, or mutilate, for the purpose of changing the identity, any motor number, serial number, manufacturer's permanent vehicle identification number or derivative number thereof placed on the vehicle, or any part thereof by the manufacturer, or any motor number or serial

number assigned by the State Highway Department and placed or caused to be placed on a vehicle as provided by law for the purpose of identification. It shall also be unlawful for any person other than a vehicle manufacturer to stamp or place any motor number or manufacturer's vehicle identification number other than a number assigned by the State Highway Department as provided by law, on any vehicle or any part thereof. Any person violating the provisions of this section commits a misdemeanor punishable by a fine not to exceed $1,000, by confinement in jail for not more than 2 years or by both.

(c)(1) A person who possesses, sells or offers for sale a motor vehicle or any part of a motor vehicle that has had the serial number, the motor number, or the manufacturer's permanent identification number removed, changed, or obliterated when he knows the number has been removed, changed or obliterated commits a misdemeanor punishable by a fine not to exceed $1,000, by confinement in jail for not more than 2 years, or by both.

(2) It is a defense to prosecution under this subsection, which shall not be submitted to the jury unless evidence is admitted supporting it but which, if raised, must be negated beyond a reasonable doubt, that the person is the rightful or true owner of the motor vehicle or part of a motor vehicle that is the subject of the prosecution.

. . . .

(d)(1) If a person is arrested for possession of a motor vehicle or part of a motor vehicle in violation of this section, the arresting officer will take the motor vehicle or part of a motor vehicle into his possession.

. . . .

(4) If there is no prosecution or conviction for an offense involving the motor vehicle or part of a motor vehicle seized, the magistrate to whom the seizure was reported shall notify in writing the rightful owner, if known, that he is entitled to the motor vehicle or part of a motor vehicle upon request to the law enforcement agency holding it.

(5) Upon conviction of any person for a violation of this section, the court shall order that any motor vehicle or part of a motor vehicle seized and impounded in connection with the offense be delivered to the rightful owner or true owner, if known.

(6) If the rightful owner of a vehicle or part of a motor vehicle seized under this section is unknown and cannot be determined the court shall, after final disposition of the charges, order it forfeited to the state.

(7) Any person interested in any motor vehicle or part of a motor vehicle seized under this section may, at any time, petition the magistrate to whom the seizure was reported to deliver possession of it to him. The magistrate, after notice to the law enforcement agency in possession of it, shall conduct a hearing to determine the petitioner's right to possession of the motor vehicle or part of a motor vehicle. If the petitioner proves by a preponderance of the evidence that he has a right to possession, the magistrate shall order it delivered to him.

A penalty may constitutionally be enforced by forfeiture of the offending article. Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663 (1974). However, the forfeiture may only be effected by due process of law. State v. Richards, 301 S.W.2d 597 (Tex. Sup. 1957). The owners of property subject to forfeiture must have notice and an opportunity to be heard. Robinson v. Hanrahan, 409 U.S. 38 (1972).

Section 49 contemplates forfeiture of a vehicle only when the rightful owner is unknown and cannot be determined. The vehicle is returned to its rightful owner, if known, whatever the outcome of the arrest -- conviction, no conviction, or no prosecution. Sections 49 (d)(4), (5). If the defendant is the rightful owner he has an opportunity during his trial to prove it; in fact, ownership is a defense to charges under subsection (c)(1). Even after conviction under subsection (a) or (b), the car is returned to the true owner, who might be the defendant. Thus, this statute provides an adequate opportunity for a defendant to protect his ownership in a motor vehicle.

The rightful owner must receive written notification of his right to the vehicle when there is no prosecution or conviction; when someone is convicted, the owner receives the vehicle itself. Sections 49(d)(4), (5). Section 49(d)(6) does not provide for service of process on a known owner, because it does not seek to forfeit his interest. It fails to provide a procedure, such as notification by publication, by which an unknown owner can be given notice, but it does require a showing that the owner is unknown and cannot be determined. We believe that the State must make this showing by proving efforts to identify and inform the owner that comply with the due process clause. U.S. Const. amend. 14, § 1. Otherwise, an owner who could be located might be deprived of his property through lack of knowledge, contrary to the legislative intent expressed in section 49 and to the requirements of the due process clause.

A statute will be interpreted so that it is constitutional and valid, if it can be sustained by any reasonable construction. 53 Tex. Jur.2d, Statutes § 158 and authorities cited therein. The notification provided by the State must be reasonably calculated to inform the owner of the impending forfeiture proceeding. Robinson v. Hanrahan, 409 U.S. 38, 40 (1972). If the name and address of the registered owner is available through the Department of Public Safety, personal notice should be given. Id.; Menkarell v. Bureau of Narcotics, 463 F.2d 88, 95 (3d Cir. 1972). In other cases, notice reasonable under the circumstances must be given, which may be notice by publication for unknown owners. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 318 (1950).

A forfeiture proceeding is a civil action, to which the Texas Rules of Civil Procedure apply. See State v. Gray, 175 S.W.2d 224 (Tex. Sup. 1943); Bretz v. State, 508 S.W.2d 97 (Tex. Crim. App. 1974); Tex.R.Civ.P. 2. Thus, the civil rules on notice would apply to any forfeiture under section 49. See e.g. Tex.R.Civ.P, 21a, 21b, 109, 109a.

Subsection (d)(7) further protects the owner's property interest in the vehicle, by permitting him to petition the magistrate for possession at any time. We believe the procedures outlined in section 49(d) adequately protect property rights and provide a constitutional mode of forfeiting vehicles to the State, giving it valid title, subject to the subsection (d)(7) redemption right.

Finally, you ask whether the State must plead and prove final disposition of charges in order to receive valid legal title to a vehicle forfeited under the statute. Subsection (d)(6) permits forfeiture to the State only when the vehicle has been seized under section 49, the charges have been finally disposed of, and the rightful owner is unknown and cannot be determined. Statutes authorizing a forfeiture must be followed strictly. 37 C.J.S., Forfeitures § 4(b). One essential element of the forfeiture case is that charges brought under section 49 have been finally disposed of. The forfeiture proceeding would necessarily follow the criminal proceeding, if any, as a separate civil action. We answer your final question in the affirmative.

### S U M M A R Y

Section 49 of article 6687-1, V.T.C.S., provides a constitutional procedure for forfeiting vehicles to the State when the vehicles have altered identification numbers and the owners of the vehicles are unknown and cannot be located. The State must plead and prove final disposition of the charges in order to receive valid legal title to a vehicle forfeited under the statute.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb