ANSTEAD, Chief Judge.
On April 29, 1982, James Hall was arrested, and his Corvette seized. While he was in jail awaiting trial, forfeiture proceedings were undertaken. Notice of these proceedings was sent to Hall’s home address, and notice was also published in a local newspaper. The notice addressed to Hall was returned unclaimed. After Hall failed to appear at the forfeiture hearing, the trial court ordered the car forfeited to Broward County. Hall’s motion to set aside this order was denied. We reverse the order of forfeiture on the basis of Robinson v. Hanrahan, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972).
In Robinson, the State of Illinois instituted forfeiture proceedings against property owned by Robinson, who was awaiting trial in a Cook County jail. The state mailed notice of the proceedings to Robinson’s home, not the jail. The United States Supreme Court held that such procedures deprived Robinson of his due process right to notice:
In the instant case, the State knew that appellant was not at the address to which the notice was mailed and, moreover, knew also that appellant could not get to that address since he was at that very time confined in the Cook County jail. Under these circumstances, it cannot be said that the State made any effort to provide notice which was “reasonably calculated” to apprise appellant of the pendency of the forfeiture proceedings.
Id.., 409 U.S. at 39, 93 S.Ct. at 31-32, 34 L.Ed.2d at 49 (footnote omitted).
Therefore, we reverse and remand for proceedings not inconsistent with this opinion.
LETTS and GLICKSTEIN, JJ., concur.