947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 2471 VENUS DRIVE, LOS ANGELES,
CALIFORNIA, Defendant,
Patricia Williams, Movant-Appellant.
 No. 91-6190.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This appeal stems from a civil forfeiture proceeding taken against property at 2471 Venus Drive, Los Angeles, California, pursuant to 21 U.S.C. § 881(a)(7). Following a trial in January, 1990, a jury determined that the government had shown by a preponderance of the evidence that the property in question had been used by Patricia Williams, the appellant, to facilitate illegal drug activity. Ms. Williams' direct appeal of the forfeiture was dismissed for lack of prosecution, and her motion to set aside the unlawful judgment of forfeiture was denied by the district court. Ms. Williams now appeals the denial of that motion under Fed.R.Civ.P. 60(b)(1), alleging that she was deprived of her Sixth Amendment and due process rights when her attorney failed to summon her from FCI Pleasanton to the Northern District of Oklahoma for the civil forfeiture trial. We affirm.
 
 
 3
 Ms. Williams was found guilty on a number of drug-related charges and sentenced in November 1988 to serve 360 months. On October 28, 1988, while incarcerated at the Oklahoma County Jail, Ms. Williams was personally served with notice of the government's forfeiture action against her home at Venus Drive. Through attorney Patrick Maginnis, she answered the complaint on November 23, 1988. On April 26, 1989, Ms. Williams notified the court that she was substituting Attorney Tyrone Reed for Mr. Maginnis. Mr. Reed has represented Ms. Williams since that time.
 
 
 4
 In October of 1989, Ms. Williams was brought from FCI Pleasanton to Oklahoma for the forfeiture trial. The trial was continued to a later date, however, and Mr. Reed told Ms. Williams that he would notify her of the next scheduled trial date. Ms. Williams claims that not only was she never in fact brought to the trial, but she was not informed of the trial date and did not know that the government had won the trial until her children called her in the spring of 1990 to tell her that they were being evicted from their home. Ms. Williams charges that her attorney's failure to keep her informed impaired her right to appear at the forfeiture trial. She also notes that her direct appeal was dismissed for lack of prosecution, a fact she attributes to her attorney's failure to inform her that the property had been seized or to show her the appeal papers.
 
 
 5
 Ms. Williams' due process right to notice of the proceedings against her property was adequately protected by the actual notice she received in October 1988. Cf. Robinson v. Hanrahan, 409 U.S. 38, 40 (1972) (deprivation of due process of law when state mailed notice to claimant's home despite knowledge that claimant was in prison). Any further rights Ms. Williams may have had with respect to the civil forfeiture trial were satisfied by her attorney's presence at and participation in that trial. The record indicates that Mr. Reed appeared at pretrial proceedings, submitted pretrial motions including a request for jury instructions and a pretrial brief of the legal issues, served as trial counsel, and filed a timely notice of appeal. It may well be that Mr. Reed has not kept Ms. Williams informed of the progress of her case, just as it may be that he did not bring her to the trial even though she desired to testify.[1] Notwithstanding Ms. Williams' appeal to her Sixth Amendment protections, which only apply to criminal proceedings, none of these omissions rises to a level of constitutional error. Ms. Williams must seek redress for any alleged malfeasance of her attorney in some other forum.
 
 
 6
 Like the district court, we see no evidence of "mistake, inadvertence, surprise, or excusable neglect" which would entitle Ms. Williams to relief under Rule 60(b)(1). The order of the district court is therefore AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Indeed, the record indicates that Mr. Reed did not call any witnesses