[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on the State's appeal of a District Court decision granting the defendant's motion to vacate the seizure of property and motion to restore said property.
The facts and travel of the case are as follows. The defendant was arrested and charged with six counts of drug related offenses on November 20, 1991. Also on that day, the Newport Police Department seized certain property from the defendant's residence, all of which has been returned to him, except for the two items at issue here, namely one 1977 BMW automobile and sixteen-thousand-nine-hundred-and-thirty-two dollars in cash. The Newport Police Department then submitted a request on December 5, 1991, to have this property forfeited.
Following the receipt of this request, the Attorney General initiated administrative forfeiture proceedings pursuant to Rhode Island General Laws § 21-28-5.04.2(h). A notice of intention to forfeit the property administratively was sent registered mail to the defendant's residence at 107 Bellevue Avenue, Newport, Rhode Island on January 2, 1992, and a similar notice was sent certified mail, return receipt requested, to the ACI, P.O. 8249, attention Vaughn Gordon, on January 7, 1992. (According to the affidavit of the Captain of the Department of Corrections, post office box 8249 was the correct address for the Intake Service Center). Both of these letters were returned to the Attorney General without ever reaching the defendant. The letter sent to his residence was returned reading "moved left no address." However, the letter from the ACI was returned with a note on the envelope reading "not at w/r" with "w/r" allegedly referring to the Work Release Unit. (At both these times, the defendant was being held at the ACI's Intake Service Center).
Thereafter, notice of the proposed forfeiture was published in the Providence Journal on January 13, 20, 27, 1992. Then, because no claim and cost bond was filed, the Attorney General signed a Declaration of Forfeiture on March 10, 1992. The actual distribution of the property, however, did not take place until approximately two months after this date.
Meanwhile, the defendant, remaining at the Intake Center since his arrest, pled nolo contendre as to all the counts charged (see case N2-92-0053A) on June 4, 1992, and was then released on parole on December 23, 1992. It is apparently at this time that the defendant actually became aware of the forfeiture proceedings and, on February 19, 1993, he filed his original Motion to Vacate in the Superior Court based on lack of notice.
As a result of this, a consent order was entered into on March 19, 1992, decreeing that certain items that were seized be returned. The cash and automobile were not included in this order. The defendant then filed a similar motion as to the remaining two items in the District Court on May 20, 1993, which was granted on June 4, 1993, and which is the subject of this appeal.
The first issue raised by the State concerns whether or not the Attorney General satisfied the requirements of Rhode Island General Laws § 21-28-5.04.2(h)(2), under which the forfeiture was accomplished. This section reads, in pertinent part, that:
 If the value of any personal property seized does not exceed twenty thousand dollars ($20,000), the attorney general may forfeit the property administratively in the following manner:
 (1) The attorney general shall provide notice of intention to forfeit property administratively by publication in a local newspaper of general circulation, one day per week for three (3) consecutive weeks.
 (2) In addition, to the extent practicable, the attorney general shall provide notice by registered mail of intent to forfeit the property administratively to all known interested parties and all parties whose identity is reasonably subject to discovery who may have an interest in the property seized.
In order to determine if this standard has been met, (specifically in regards to the letter that was returned from the ACI) federal case law serves as a guide. In Sarit v. U.S. DrugEnforcement Administration, 987 F.2d 10, 14 (1st Cir. 1993), the Court noted that
. . . while Mullane clearly contemplates inquiry into the "peculiarities" and the "practicalities" of a given case, it has not generally been interpreted to require a party to make additional attempts beyond notice that is legally satisfactory at the time it is sent. Knowledge of the likely effectiveness of the notice is measured from the moment at which the notice was sent.
Thus, the undisputed act of sending notice with all required information to the proper box number at the ACI, coupled with the fact that the notifying party did not know or have reason to know that notice would be ineffective, indicates that the Attorney General met the requirements of the statute. However, the court in Sarit extended such examinations to include whether the Attorney General's ". . . duty changed in light of its subsequent discovery that the mailed notice had been ineffective." Sarit,
at 14.
This burden, though, was limited in that
. . . courts are reluctant under Mullane to extend a notifying party's duty beyond initial satisfactory notice. Only exceptional circumstances would compel us to so extend [the notifying party's] duty, absent [an] indication that it knew or should have known that the notice would be ineffective. Sarit, at 15.
Here, the Attorney General knew that the defendant was at the ACI and, moreover, should have known that he was at the Intake Center rather than at the Work Release Unit.
Therefore, upon receipt of the undelivered notice, along with the facts known by the Attorney General, this court finds that "exceptional circumstances" existed which warrant a finding that the state had ". . . a duty over and above reasonable and technical satisfaction of the statutory requirements. . . ."Sarit, at 15.[1]
The State argues that no additional obligation "to contact the prison and investigate the whereabouts" of the defendant should be placed on them after they, "to the extent practicable," attempted to provide the defendant with notice of the pending administrative forfeiture. Under the circumstances present in this case, though, placing such a non-burdensome duty on the State serves to assure that they meet the minimum threshold requirements of due process, namely that the defendant receive ". . . notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." Robinson v. Hanrahan,409 U.S. 38, 40, 93 S.Ct. 30, 31, 34 L.Ed.2d 47, 49 (1972) (per curiam).
The state further claims that the doctrine of laches serves to bar the defendant's action. As grounds for this assertion, the State points to the fact that when the property was seized on November 21, 1991, the defendant was provided with a warrant and criminal information package which included a list of the items seized. While this may have served to put the defendant on notice that such property was subject to forfeiture, it cannot be characterized as adequate notice under the terms of the statute. In addition, the State argues that the defendant should have raised his claim at the June 4, 1992, hearing when he pled nolo contendre to the charges which formed the basis of the forfeiture. This proposition, however; is without merit since the property had been distributed prior to this time and recovering it then would entail no more prejudice than returning it now. Because the defendant was not released on parole until December 23, 1992, and brought his claim within two months thereafter, the doctrine of laches does not serve as a bar to the action.
Having resolved the issue of notice in favor of the defendant does not, however, entitle him to immediate restoration of the property. Had the defendant received notice, he would have been required to file a timely claim and cost bond (under Rhode Island General Laws § 21-28-5.04.2(h)(4) (7)) in order to institute judicial review of the seizure and proposed forfeiture. Such a filing would then trigger Rhode Island General Laws §21-28-5.04.2(p), which states that:
 In any action brought under this section, the state shall have the initial burden of showing the existence of probable cause for seizure or arrest of the property. Upon such a showing by the state, the claimant shall have the burden of showing by a preponderance of evidence that the property was not subject to forfeiture under this section.
Consequently, the requisite showings would still need to be made before any restoration could be ordered.
For all the foregoing reasons, the defendant's motion to vacate the seizure of property and motion to restore are denied without prejudice, pending the filing of a cost bond within twenty (20) days of this decision and a judicial determination of the propriety of the seizure and forfeiture. Said determination shall be made at a hearing before this court upon filing of the cost bond.
[1] Based on this conclusion, the issue of whether or not the State should have notified defendant's counsel need not be reached.