139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Miguel Angil GONZALEZ, aka Miguel Gonzales, Defendant-Appellant.
 No. 97-35342.
D.C. Nos. CV-95-01843-RE CR-88-00267-RE.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1997**.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the District of Oregon James A. Redden, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Miguel Angil Gonzalez, a federal prisoner, appeals pro se the district court's denial of his motion for return of property. Gonzalez contends that he was denied due process because he was never adequately notified of the administrative forfeiture. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we affirm.
 
 
 3
 The district court denied Gonzalez's pro se motion seeking the return of $4000 taken from his home following his arrest on drug charges in February 1987. Gonzalez argues that he was denied due process because the government mailed forfeiture notices to his home while he was incarcerated, and thus failed to notify him of the proceedings. This contention lacks merit.
 
 
 4
 Due process requires that the notice be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. See United States v. Castro, 78 F.3d 453, 456 (9th Cir.1996) (publication of the seizure and written notice sent to the interested party sufficient under 19 U.S.C. § 1607). Notice is ineffective if the notifying party knew or had reason to know, at the time notice was sent, that notice would be ineffective. See Robinson v. Hanrahan, 409 U.S. 38, 40, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972) (per curiam) (notice mailed only to interested party's home inadequate where government knew that party was in custody).
 
 
 5
 Here, on November 20, 1989, the FBI sent a notice of seizure to Gonzalez's attorney of record. The return receipt was signed and returned to the FBI. The FBI also published a notice of seizure in The Oregonian, the district newspaper where the seizure occurred, for three successive weeks. On March 28, 1990 the administrative forfeiture occurred.
 
 
 6
 Although the FBI did not notify Gonzalez of the forfeiture at his prison address, Gonzalez has failed to show why the notice to his attorney was not "reasonably calculated" to apprise him of the pending forfeiture. See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993); see also Ringgold Corp. v. Worrall, 880 F.2d 1138, 1141-42 (9th Cir.1989) (parties are considered to have notice of all facts known to their lawyers). Because the FBI's actions, under all of the circumstances, were reasonably calculated to apprise Gonzalez of the intended forfeiture, the notice was adequate. See Castro, 78 F.3d at 456.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Gonzalez's request for oral argument and appointment of counsel is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Government contends that we lack jurisdiction over this appeal because the notice of appeal was untimely. Gonzalez is appealing a final order issued on February 3, 1997, disposing of his motion for return of property. The notice of appeal was filed on March 3, 1997, making the appeal timely. See Fed. R.App. P. 4(a)