In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1578

Floriberto Garcia and Galilia Rivera,

Plaintiffs-Appellants,

v.

Gus Meza, Special Agent, Immigration and
Naturalization Services, Angela Alonso,
Special Agent, Immigration and Naturalization
Services, and United States of America,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 1908--William J. Hibbler, Judge.

Argued September 19, 2000--Decided December 11, 2000

Before Bauer, Manion, and Kanne, Circuit Judges.

Manion, Circuit Judge.  Plaintiffs, Floriberto
Garcia and Galilia Rivera, sued the defendants,
Gus Meza and Angela Alonso, agents of the
Immigration and Naturalization Service ("INS"),
under the Federal Tort Claims Act, 28 U.S.C.
sec.sec. 1346(b), 2671-80, seeking recovery of
money seized from their home. Defendants moved to
dismiss the plaintiffs' complaint for lack of
subject matter jurisdiction. The district court
granted the defendants' motion to dismiss. The
plaintiffs appeal. We reverse and remand.

I.  Facts

  Floriberto Garcia and his wife, Galilia Rivera,
live in a small apartment in Villa Park, Illinois
with several extended family members. On June 6,
1997, INS and United States Secret Service agents
entered without a warrant and searched their
apartment pursuant to a joint investigation into
the manufacture and distribution of counterfeit
identification in the Chicago area. Agent Alonso
participated in the investigation and actual
search of the Villa Park apartment. Agent Meza
was one of the team leaders in charge of the
investigation, but he did not actually enter the

plaintiffs' apartment.

During the search of the apartment, the government agents found $21,700.00 in cash on top of a dresser located in a bedroom. The agents also found other items including a notebook, a Social Security card and some counterfeit identification cards./1

That evening, Garcia called the local INS facility and spoke with Agent Meza. The parties dispute the content of this conversation, but they agree that Garcia expressed his desire to get his money back. Later that week, the plaintiffs retained an attorney who contacted Agent Meza and identified herself as the legal representative of Garcia and Rivera. Agent Meza claims that he directed the attorney to contact the Secret Service since all funds had been turned over to it for disposition. The plaintiffs' attorney disputes this, but, in any event, it does not appear that she contacted the Secret Service.

On July 17, 1997, the plaintiffs filed a complaint for conversion against defendants Meza and Alonso in the Circuit Court of Cook County, Illinois. The government, upon certification that the agents were acting within the scope of employment at the time of the alleged events, removed the lawsuit to federal court. The government then moved to dismiss the action based on plaintiffs' failure to exhaust the required administrative remedies under the Federal Tort Claims Act ("FTCA"), which provides that no tort suit may be initiated against the United States until the plaintiff first presents a claim to the appropriate federal agency and his claim is denied. If an agency does not make a final disposition of a claim within six months after it is filed, it is considered a final denial of the claim. 28 U.S.C. sec. 2675(a). As the government had suggested in their motion to dismiss, the plaintiffs filed an administrative FTCA claim with the INS on September 12, 1997. Therefore, on October 14, 1997, the district court dismissed the lawsuit for lack of subject matter jurisdiction, stating: "[w]e assume that the government will act promptly on the claim and give proper notice of any administrative proceeding."

In the meantime, while the plaintiffs were actively seeking the return of their money in this underlying tort action (and apparently awaiting the expiration of the statutory six-month period under the FTCA), the government was methodically pursuing administrative forfeiture proceedings. Shortly after it seized the funds from the plaintiffs' home in June 1997, the INS

turned the funds over to the Secret Service for further disposition. On October 17, 1997 (one month after the plaintiffs filed their administrative claim with the INS), the Secret Service sent written notice of the impending forfeiture proceedings via Federal Express priority overnight delivery to all persons it deemed had a claim to the seized funds./2 Five days later, the Secret Service received each of the letters it had sent out back from Federal Express, with the indication that they were "undeliverable." The Secret Service also published notice of the intended forfeiture proceedings in the New York Times on October 19, 1997, October 26, 1997, and November 2, 1997. On February 5, 1998, the Secret Service administratively forfeited the funds. The government never charged either Garcia or Rivera with any involvement in a counterfeiting operation or with any other illegal activity.

Meanwhile, the plaintiffs were waiting for the six-month statutory period to elapse so that they could re-file their FTCA claim, which they did when they filed this present action on March 27, 1998./3 The government filed a motion to dismiss arguing that the administrative forfeiture proceeding that had already been completed divested the district court of subject matter jurisdiction over the matter. On August 28, 1998, the plaintiffs filed an amended complaint adding a Bivens claim against the two agents. In March 1999, the district court denied the motion to dismiss without prejudice, stating that the record contained insufficient evidence to support the government's assertion that notice of the forfeiture proceeding was sent. The government then brought a motion for reconsideration, attaching exhibits verifying that it had sent notice via Federal Express and published notice in the New York Times. Accordingly, on November 1, 1999, the district court granted the motion for reconsideration and dismissed the lawsuit, with prejudice, pursuant to Rule 12(b)(1). Thereafter, the plaintiffs filed a motion for reconsideration which was denied by the district court on February 1, 2000. The plaintiffs appealed.

II. Discussion

The district court dismissed the plaintiffs' lawsuit concluding that it lacked subject matter jurisdiction over their suit because the government had instituted, and completed, administrative forfeiture proceedings. We review that determination de novo. Linarez v. United States Dep't. of Justice, 2 F.3d 208, 211 (7th Cir. 1993).

The federal government is authorized to forfeit monies that constituted or were derived from proceeds traceable to counterfeiting operations. See 18 U.S.C. sec. 981(a)(1)(C). Procedurally, to institute a forfeiture action, the government must comply with the procedures sent forth in 19 U.S.C. sec. 1607. See 18 U.S.C. sec. 981(d). Section 1607 provides that "the appropriate customs officer shall cause a notice of the seizure . . . and the intention to forfeit . . . to be published for at least three successive weeks . . . . Written notice of seizure . . . shall be sent to each party who appears to have an interest in the seized article." 19 U.S.C. sec. 1607(a).

If the government complies with the notice requirements under Section 1607, the property owner has twenty days from the date of the first publication of the notice to file a claim and post a bond. 19 U.S.C. sec. 1608. If the property owner does not do so, the forfeiture proceeds administratively and the district courts are divested of jurisdiction to review it. 19 U.S.C. sec. 1609; Linarez, 2 F.3d at 211. If a plaintiff's claims could have been raised in the administrative proceeding, but were not, the forfeiture cannot be challenged in the district court under any legal theory. Id. at 213. However, as we have recognized, federal courts always possess jurisdiction to review whether the notice given in the administrative forfeiture proceeding afforded the claimant constitutional due process. Krecioch v. United States, 221 F.3d 976, 980 (7th Cir. 2000), cert. denied, ___ U.S. ___, 2000 WL 1630130 (Nov. 27, 2000). If the notice fails to comport with the requirements of due process, the underlying forfeiture action is void. The district court considered this issue, and concluded that the plaintiffs had not been deprived of due process.

Thus, the key issue before us is whether the notice provided the plaintiffs satisfies the minimal requirements of due process. Specifically, we address whether the written notice sent via Federal Express to Garcia, and returned to the government five days later marked undeliverable, satisfies minimum constitutional due process requirements. Constitutional due process standards require that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Written notice of forfeiture by certified mail to the claimant's residence generally satisfies

due process even if the claimant does not receive actual notice. Krecioch, 221 F.3d at 981; see also Linarez, 2 F.3d at 210 (where DEA sent notice of seizure by certified mail to Linarez's last known address and received a signed certified mail receipt, no challenge to due process allowed). While "due process is not satisfied 'if the notifying party knew or had reason to know that notice would be ineffective,'" Krecioch, 221 F.3d at 980 (quoting Sarit v. United States Drug Enforcement Admin., 987 F.2d 10, 14 (1st Cir. 1993)), typically, the "operative question is whether notice was adequate at the time that the notice was sent . . ." Krecioch, 221 F.3d at 980. In the present case, the notice to plaintiffs was adequate at the time it was sent, and yet the government learned shortly thereafter (five days) that it was never received. The question becomes whether in such a case due process requires the government to do more.

Other circuits have answered this question in various ways. See, e.g., Sarit, 987 F.2d at 14-15 (absent exceptional circumstances, mailing notice to the address from which property is seized after notifying claimant's counsel that forfeiture proceeding would ensue is sufficient, despite the government's later discovery that mailed notice was ineffective); Small v. United States, 136 F.3d 1334, 1337 (D.C. Cir. 1998) (stating that since notice must be an attempt to actually inform the addressee of the pending forfeiture, "[a] reasonable person presented with a letter that has been returned to sender will ordinarily attempt to resend it if it is practicable to do so . . ."); United States v. Rodgers, 108 F.3d 1247, 1252-53 (10th Cir. 1997) (placing an affirmative duty upon the government to take reasonable steps to locate a civil claimant when its initial mailings were returned unclaimed).

We decline to adopt a per se rule which only examines notice at the time it was sent and turns a blind eye to subsequent events. On the other hand, we also decline to impose an affirmative duty upon the government to seek out claimants in each case where its initial notice is returned undelivered or to require actual notice in every case. Instead, we believe the correct approach is a fact-specific analysis under the due process standard set forth by the Supreme Court in Mullane, which requires us to consider all the circumstances of each case to determine whether the notice provided is reasonably calculated to apprise the claimant of the impending proceeding.

In the present case, the government, even without a warrant, was able to find its way to

the plaintiffs' residence and enter their bedroom to seize their money. And yet, after its only written notice was returned undelivered five days after it was sent, the government did not even attempt to locate the plaintiffs or to send them a second written notification. Meanwhile, the plaintiffs and their attorney were actively, albeit unsuccessfully, pursuing the seized currency through numerous phone calls, administrative claims and lawsuits. It is ironic that the government was involved in extended litigation with the plaintiffs, pointedly admonishing them to exhaust their administrative remedy under the FTCA, and yet was unable to provide the plaintiffs with actual notice of its ongoing forfeiture proceeding. The government certainly had reason to believe that its one attempt at written notice had not effectively apprised these plaintiffs of the impending action. As we have stated, notice is "inadequate if the government knew that the claimant would not receive it." Krecioch, 221 F.3d at 980. While the government may have believed at the time of sending the FedEx that it was providing adequate notice, five days later it was specifically notified that the attempted delivery by Federal Express was not successful. Thus, three months before the government administratively forfeited the plaintiffs' property, it knew for a fact that the plaintiffs had never received written notice of the impending proceeding instructing them how to correctly petition for the return of their property. In this context, we believe that another attempt at written notice would have been reasonable, even necessary, under the circumstances and would not have been too burdensome on the government. After considering all of those circumstances, we find that the unsuccessful written notice provided to Garcia via Federal Express did not meet the minimum due process standards required under Mullane./4

The plaintiffs also argue that publication notice in the New York Times was improper. Even if the publication notice was proper, it cannot cure the deficiencies in due process caused by the inadequate written notice. "Notice by publication is not sufficient with respect to an individual whose name and address are known or easily ascertainable." Robinson v. Hanrahan, 409 U.S. 38, 40 (1972).

III.  Conclusion

We conclude that the district court did not lack subject matter jurisdiction over the administrative forfeiture proceedings because the notice to Garcia did not satisfy the minimum due process requirements set out by the Supreme Court in Mullane v. Central Hanover Trust. In light of

the inadequate written notice, even proper publication notice is insufficient by itself to satisfy the requirements of due process. Accordingly, the district court must set aside the forfeiture declaration and order the government to either return the money to the plaintiffs or to commence judicial forfeiture in the district court, at which time the plaintiffs may raise whatever defenses are available to them./5 United States v. Woodall, 12 F.3d 791, 795 (8th Cir. 1993).

/1 The plaintiffs do not claim that they are entitled to the return of these other items, and, accordingly this appeal only relates to the seized currency.

/2 The Secret Service sent the notice by Federal Express to Odilia Rivera, Oscar Rivera and Floriberto Garcia, other residents of the plaintiffs' apartment and family members who the government believed might have an interest in the seized property. It did not send written notice to Galilia Rivera.

/3 Unfortunately, the plaintiffs lost a great deal of time trying to retrieve their money under the FTCA. In the action below, the parties disputed the actionability of the tort of conversion in the forfeiture context under the FTCA. See 28 U.S.C. sec. 2680(c) (excluding from the FTCA "[a]ny claim arising in respect of . . . the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer"). Since the district court determined that it lacked jurisdiction under 19 U.S.C. sec. 1607, it did not reach the FTCA question. Without addressing that issue ourselves, we have stated that the correct jurisdictional basis to challenge a civil forfeiture is 28 U.S.C. sec. 1331. See United States v. Duke, 229 F.3d 627, 629 (7th Cir. 2000).

/4 Co-plaintiff Rivera argues that the government failed to give her written or published notice. The government responds that it was unaware that she had an interest in the seized money. The district court found that the government's efforts to notify Garcia were reasonably calculated to give notice to his wife. In light of our holding that the notice to Garcia was inadequate, we need not decide whether adequate written notice is effective to notify a spouse with an interest in the seized property. Clearly, the government is now aware that Rivera claims to have an interest in the money. Likewise, we need not address plaintiffs' argument that constitutional due process requires that written

notice be sent to a claimant's attorney.

/5 Plaintiffs unsuccessfully sought to amend their complaint to include a Bivens action against the federal agents. On appeal, plaintiffs argue that we should remand this action to give them leave to amend their complaint. Because we remand to the district court to set aside the administrative forfeiture and to order the government to either return the money or initiate a judicial forfeiture, there is no need to address this argument.