2009 OK CIV APP 53

**STATE of Oklahoma, Tim Harris, District Attorney, Plaintiff/Appellee,**

v.

**TWENTY–EIGHT THOUSAND SIX HUNDRED EIGHTEEN DOLLARS, ($28,618.00) and one (1) Ruger 45 Cal Handgun and One (1) Mossberg 12 GA Shotgun, Defendant,**

and

**Mir Paul Tabayi, Juan Chavez, Eric Bickham, Tony Medina, Claimants,**

and

**Jose Medina, Claimant/Appellee,**

and

**Jose Arturo Ruiz and Regina Primeaux, Claimants/Appellants.**

**Nos. 104,803, 105,803.**

Court of Civil Appeals of Oklahoma, Division No. 4.

April 3, 2009.

Certiorari Denied June 1, 2009.

---

Tim Harris, District Attorney, Fred Morgan, Assistant District Attorney, Tulsa County District Attorney's Office, Tulsa, OK, for Plaintiff/Appellee.

Glen R. Graham, Tulsa, OK, for Claimant/Appellee/Respondent Jose Medina.

James R. Huber, The Collier & Huber Law Firm, P.C., Tulsa, OK, for Claimants/Appellants.

JOHN F. FISCHER, Judge.

¶1 Arturo Ruiz and Regina Primeaux appeal from the district court's "Order Finding State Met Due Process Requirements For Notice, To Not Consider Potential Claimant's Jose Arturo Ruiz And Regina Primeaux Answer Because Filed Out Of Time, And Reinstating The Final Agreed Order Forfeiting In Part And Remitting In Part" entered in a civil forfeiture proceeding.[1] Based on our review of the record on appeal and applicable law, we reverse.

## BACKGROUND FACTS

¶2 The seizure of property involved in this case resulted when police arrested Mir Paul Tabayi, Juan Chavez, Eric Bickham, Tony Medina and Jose Medina for the kidnapping of Primeaux. The District Attorney filed a forfeiture proceeding pursuant to 63 O.S. Supp.2004 § 506. Notice of the seizure was sent by certified mail to the defendants in the kidnapping case, as well as to Primeaux and Ruiz. Primeaux and Ruiz were named as potential claimants in the forfeiture proceeding because statements by the defendants after their arrest indicated that some or all of the property seized was obtained from Primeaux and/or Ruiz during the kidnapping. Tabayi appeared and filed an answer as did Tony and Jose Medina. When the letters to Primeaux and Ruiz were returned unclaimed, the district attorney published an abbreviated form of the Notice of Seizure addressed to Primeaux and Ruiz in the Tulsa Daily Commerce & Legal News on February 3, 2006.

¶3 Primeaux and Ruiz filed their answer on February 16, 2007, approximately one year following publication of the notice of seizure. On February 27, 2007, the district court entered its Final Agreed Order, which had been approved by the district attorney, Tabayi, and the Medinas. In response to the objection of Primeaux and Ruiz, the district court conducted a hearing on March 2, 2007, to determine whether the measures taken by the District Attorney to obtain service on Primeaux and Ruiz satisfied due process requirements. At that hearing, a legal assistant in the District Attorney's office, who was the employee responsible for obtaining service on claimants in forfeiture proceedings, testified regarding the procedures she used to comply with paragraph C of section 2–506.[2] With respect to Primeaux and Ruiz, the witness testified that the mailing address used for these claimants was obtained from the seizing agency's report; that marking on the envelopes indicated the Post Office had attempted to deliver the letters on three occasions before they were returned; when the letters were returned, she checked the criminal case file of the kidnapping for additional information but found only that the case had been dismissed; she then checked the jail screen to see if either claimant had been arrested; and, unable to find any additional information from those efforts, she published the notice. On cross-examination, the witness testified that these procedures were geared toward locating criminal defendants, she did not check any telephone listings or internet service, attempt to locate family members or contact employers, and that if these methods were unsuccessful, the office did not employ a process server to try and locate forfeiture claimants. At the conclusion of the hearing, the district court concluded that, "minimal due process standards

---

1. Primeaux and Ruiz have also appealed the district court's order refusing to vacate the default judgment entered because their motion was filed during the pendency of this appeal. By order dated March 27, 2008, the Oklahoma Supreme Court made that case, No. 105,692, a companion to this appeal. This Court has, on this date, issued its opinions in both cases.

2. 63 O.S. Supp.2004 § 2–506(C) provides:
   Notice shall be given by the agency seeking forfeiture according to one of the following methods:
   1. Upon each owner or party in interest whose right, title or interest is of record in the Tax Commission, by mailing a copy of the

notice by certified mail to the address as given upon the records of the Tax Commission;
   2. Upon each owner or party in interest whose name and address is known to the attorney in the office of the agency prosecuting the action to recover unpaid fines, by mailing a copy of the notice by registered mail to the last-known address; or
   3. Upon all other owners or interested parties, whose addresses are unknown, but who are believed to have an interest in the property, by one publication in a newspaper of general circulation in the county where the seizure was made.

were met."[3] The court then denied Primeaux's and Ruiz's request to file their answer out of time and entered its previously approved Final Agreed Order, entering default judgment against Primeaux and Ruiz.

¶ 4 What the district court was not told during this hearing was that on December 28, 2005, twelve days after the Notice of Seizure was filed and mailed, Primeaux and Ruiz were physically present in the District Attorney's office being interviewed regarding a criminal matter related to the kidnapping. That information was disclosed to the Oklahoma Supreme Court by the District Attorney in an "Application to Confess Error" filed during the pendency of this appeal. Primeaux and Ruiz join in that application and request that the Final Agreed Order be reversed and remanded for further proceedings. On January 22, 2008, the Supreme Court ordered the appeal to proceed because all parties to the appeal had not joined in the District Attorney's application to confess error.

## STANDARD OF REVIEW

¶ 5 The district court's conclusion that Primeaux and Ruiz were properly served is a legal one. A trial court's legal rulings are reviewed de novo. *State ex rel. Dep't of Human Servs. v. Baggett,* 1999 OK 68, ¶ 4, 990 P.2d 235, 238.

## DISCUSSION

¶ 6 The issue of whether service by publication is a sufficient method to obtain service in a civil forfeiture proceeding has been resolved. "Substituted services by publication, or in any other authorized form, may be sufficient to inform parties of the object of proceedings taken where property is once brought under the control of the court by seizure or some equivalent act." *Pennoyer v. Neff,* 95 U.S. 714, 727, 24 L.Ed. 565 (1877).

Service by publication is specifically authorized as one method for obtaining service in civil forfeiture proceedings when the address of the potential claimant is unknown. 63 O.S. Supp.2004 § 2–506(C)(3). "Mailing and publishing notice of the government's seizure and intended forfeiture of property-as provided by § 2–506(C)—is a traditional manner of service that is acceptable as it is intended to be notification that is supplemental to actual notice." *State ex rel. Macy v. Four Thousand Two Hundred Sixty Dollars and No/100 ($4,260.00),* 1996 OK 96, ¶ 18, 925 P.2d 50, 54. The question to be resolved in this appeal is whether, based on the facts in this case, service by publication following return of the letters containing the Notice of Seizure was constitutionally sufficient notice to Primeaux and Ruiz.

¶ 7 Notice is a jurisdictional matter of constitutional dimension and requires minimum procedural due process. *Id.* at ¶ 15, 925 P.2d at 53. Before the government may take private property, the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires "notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656–57, 94 L.Ed. 865 (1950).[4] Actual notice is not required. *See Dusenbery v. United States,* 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002). Nonetheless, the notice given must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657. When notice is required, "the means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315, 70 S.Ct. at 657.

---

3. An order reflecting that ruling was entered June 6, 2007.

4. Oklahoma's Constitution may require more procedural protection than the Due Process Clause of the Fourteenth Amendment. *See Turner v. City of Lawton,* 1986 OK 51, ¶ 15, 733 P.2d 375, 380 (wherein the Court found that it was

not limited by federal constitutional law if that law was "too restrictive for application under the standards of Oklahoma's fundamental law"). However, because we find the notice insufficient pursuant to federal law, it is unnecessary to consider the full extent of procedural protection afforded by 63 O.S. Supp.2004 § 2–506.

¶ 8 Two United States Supreme Court cases are particularly relevant to the constitutionally required notice in this case. In *Robinson v. Hanrahan,* 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972), the Court found notice in a civil forfeiture proceeding inadequate because it was mailed to the claimant's home address although the state knew the claimant was in jail at the time. "[I]t cannot be said that the State made any effort to provide notice which was 'reasonably calculated' to apprize appellant of the pendency of the forfeiture proceedings." *Id.* at 38–40, 93 S.Ct. at 31–32. In *Jones v. Flowers,* 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006), the Court held that the Due Process Clause required "additional reasonable steps" to notify a property owner when the notice of tax sale sent by certified mail was returned unclaimed. *Id.* at 234, 126 S.Ct. at 1718. In construing the obligations of Oklahoma county clerks pursuant to 68 O.S.2001 § 3127,[5] the Oklahoma Supreme Court held that the Due Process Clause and the statute required reasonable diligence to locate a lien holder. "In the instant case, the act of mailing without proof of receipt of notice falls short of the exercise of reasonable diligence in assuring actual notice." *Wells Fargo Credit Corp. v. Ziegler,* 1989 OK 113, ¶ 6, 780 P.2d 703, 706.

■ ¶ 9 Although the language of section 24331 and section 2–506(C) is not identical, constitutional constraints require a similar construction. In a civil forfeiture proceeding, when certified mail is returned unclaimed, a reasonable effort must be made to determine if another address for the claimant may be found before the prosecuting agency may conclude that the claimant's address is "unknown." *See Jones,* 547 U.S. at 234–35,

126 S.Ct. at 1719. Only then does the statute authorize resort to the service by publication procedure provided in section 2–506(C)(3).

■ ¶ 10 In this case, the District Attorney's office did not automatically resort to service by publication on return of the unclaimed certified letters. The District Attorney's legal assistant conducted a review of the file in the kidnapping case and checked the "jail screen" to see if Claimants were in jail or had a different address. Neither effort resulted in any additional information. These efforts may have been reasonable under circumstances where the claimant was also the defendant in the criminal case that resulted in the seizure of the property. However, because Primeaux and Ruiz were *victims,* not defendants, in the criminal case, the jail screen was unlikely to provide any additional information regarding their location. No check of telephone listings was made and no other reasonably available methods were utilized to locate Primeaux and Ruiz prior to publication of the Notice of Seizure. Nonetheless, the District Attorney's office knew the location of Primeaux and Ruiz. It does not appear that the legal assistant responsible for obtaining service on Primeaux and Ruiz had that information. However, the District Attorney is to be commended for his professionalism in informing the Court that a reasonable effort to locate Primeaux and Ruiz should have been successful when he subsequently learned that information.

■ ¶ 11 Jose Medina objects to the District Attorney's Application for essentially two reasons.[6] First, he argues that the Dis-

5. "County treasurer shall ... give notice by certified mail ... to all mortgagees of record of said real estate a notice stating the time and place of said resale and showing the legal description of the real property to be sold. If the county treasurer does not know and cannot, by the exercise of reasonable diligence, ascertain the address of any mortgagee of record then the county treasurer shall cause an affidavit to be filed with the county clerk ... stating such fact which affidavit shall suffice, along with publication as provided for by this section, to give any mortgagee of record notice of the resale." (Renumbered from 68 O.S.1991 § 24331).

6. Medina also suggests that because an owner is presumed to have possession, seizure of the owner's property is at least constructive notice sufficient to require the owner to proceed with diligence in monitoring any forfeiture proceeding. This argument has been previously rejected. "[A] party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation." *Mennonite Bd. Of Missions v. Adams,* 462 U.S. 791, 799, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983). Further, we find no distinction between the applicable constitutional procedure whether one is proceeding pursuant to 12 O.S. Supp.2002 § 2004.1, or the more specific statute, 63 O.S. Supp.2004 § 2–506, applicable

trict Attorney's disclosure is not in proper evidentiary form and, therefore, should not be considered. Pleading admissions and statements in briefs may supplement the record and provide evidentiary omissions in the record. *Macy v. Bd. of County Comm'rs of County of Oklahoma,* 1999 OK 53, n. 8, 986 P.2d 1130, 1134 n. 8. Second, Medina argues that the additional facts disclosed in the District Attorney's Application should have been presented to the district court during the March 2007 due diligence hearing and, consequently, are now waived. Because such claims may be raised for the first time on appeal, this Court is not precluded from considering fundamental due process arguments of the kind presented here. *Patterson v. Beall,* 2000 OK 92, ¶ 1, 19 P.3d 839, 841 ("We may review claims which relate to alleged deprivations of due process of law despite a failure to preserve error.").

## CONCLUSION

¶ 12 After return of the certified mailing of the Notice of Seizure, the District Attorney was required to make a reasonable effort to locate an address for Primeaux and Ruiz before utilizing the publication service procedure authorized by 63 O.S. Supp.2004 § 2–506(C)(3). The District Attorney's Application to Confess Error establishes that the location of Primeaux and Ruiz was known. Consequently, service by publication, based on the facts in this case, failed to meet Due Process Clause requirements and was constitutionally insufficient to notify Primeaux and Ruiz that property potentially belonging to them was subject to civil forfeiture. We do not decide whether Primeaux or Ruiz is entitled to any of the seized property, whether Ruiz has waived his claim to any property owned by him or any issue affecting the merits of this proceeding. Our Opinion is confined to one procedural issue: Primeaux and Ruiz were entitled to notice of the forfeiture proceeding and the methods employed did not satisfy due process. We reverse the "Order Finding State Met Due Process Requirements for Notice, To Not Consider Po-

tential Claimants' Jose Arturo Ruiz And Regina Primeaux Answer Because Filed Out Of Time, And Reinstating Final Agreed Order Forfeiting In Part and Remitting In Part," vacate the Final Agreed Order of the district court, and remand this case for further proceedings.

¶ 13 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

GABBARD, P.J., and RAPP, J., concur.

to civil forfeiture proceedings; due process is required. *State ex rel. Macy,* 1996 OK 96 at ¶ 15,

925 P.2d at 53.