**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Raul RAMIREZ, Defendant–Appellant.**

No. 08–10337.

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2009.[*]

Filed July 21, 2009.

Kishan Nair, Esquire, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Raul Ramirez, Lisbon, OH, pro se.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Raul Ramirez appeals pro se from the district court's order denying his Federal Rule of Criminal Procedure 41(g) motion challenging the forfeiture of $4,527. We review de novo, *United States v. Ritchie,* 342 F.3d 903, 906 (9th Cir.2003), and we vacate and remand.

Ramirez contends that the forfeited property should be returned to him because he did not receive notice of the forfeiture proceedings. Because Ramirez was being held in federal custody at the time the government sent notices of the forfeiture to his Nevada and Arizona home addresses, the notice was not "reasonably calculated, under all the circumstances, to apprise" Ramirez of the pendency of the civil forfeiture proceedings. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *see also Robinson v. Hanrahan,* 409 U.S. 38, 40, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972) (per curiam). We therefore vacate the district court's order, and remand for further proceedings consistent with this disposition.

The government contends that Ramirez's Rule 41(g) motion is time-barred under 28 U.S.C. § 2401(a)'s six-year statute of limitations and that, regardless of the limitations period, Ramirez's motion would have been denied under the doctrine of laches. The district court was silent on these issues, and we cannot tell from the current record whether Ramirez's Rule 41(g) motion was filed within the six-year

limitation period and whether the doctrine of laches applies.[1] We leave it to the district court to address these issues.

**VACATED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The documents Ramirez attached to his opening brief are not properly part of the record on appeal. *See* Fed. R.App. P. 10(a).