**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAMARR ROWELL,

Plaintiff - Appellant,

v.

EWING BROS. TOWING CO.; et al.,

Defendants - Appellees.

No. 10-16861

D.C. No. 2:07-cv-01169-RCJ-RJJ

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, Chief Judge, Presiding

Submitted February 21, 2012**

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Lamarr Rowell, a Nevada state prisoner, appeals pro se from the district

court's dismissal order and summary judgment in his 42 U.S.C. § 1983 action

alleging constitutional violations in connection with his arrest and the towing of his

car subsequent to his arrest.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo a district court's grant of summary judgment and dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007). We review for an abuse of discretion a dismissal for failure to serve. *Puett v. Blanford*, 912 F.2d 270, 276 (1990). We affirm in part, vacate in part, and remand.

The district court granted summary judgment on Rowell's due process claims after concluding that the defendant police officers were not responsible for the sale of Rowell's car. However, the district court did not address Rowell's due process claim regarding the lack of notice about his car being towed. Rowell stated in his deposition and other court filings that defendant Hiddema was responsible for the towing; that she knew that the address she provided on the impoundment report was inaccurate; and that, because she failed to ensure that he received a copy of the impoundment report, he had no notice that his allegedly legally parked vehicle had been towed or by whom. He also asserted that he should have been given an opportunity to have someone move the vehicle before it was towed. The district court did not address these issues. Accordingly, we vacate summary judgment as to Hiddema, and remand for the district court to consider in the first instance whether Rowell was provided adequate notice regarding the towing of his vehicle. *See, e.g.*, *Clement v. City of Glendale*, 518 F.3d 1090, 1097

(9th Cir. 2008) (discussing the importance of government providing notice to vehicle owners in the context of towing, and noting that the "responsibility to give notice falls on the police").  The court should also consider whether Hiddema's provision of an address she allegedly knew to be outdated on the impound report contributed to deficiencies in notice regarding the sale of Rowell's vehicle.  *See, e.g.*, *Robinson v. Hanrahan*, 409 U.S. 38, 40 (1972) (per curiam).

If the district court determines that Hiddema violated Rowell's due process rights, it should also address the question of qualified immunity.  *See, e.g.*, *Scofield v. City of Hillsborough*, 862 F.2d 759, 765 (9th Cir. 1988).

Summary judgment on Rowell's due process claims is proper as to defendants Giannone, Seed and Young because Rowell conceded that they played no role in the towing or sale of his vehicle.

The district court did not abuse its discretion in dismissing Rowell's claims against Ewing Bros. Towing Co. for failure to serve, because Rowell did not show good cause for why he did not take steps to correct deficiencies in service once Ewing Bros. notified him that it had not been properly served.  *See* Fed. R. Civ. P. 4; *c.f. Puett*, 912 F.2d at 274-76.

The district court properly dismissed Rowell's Fourth Amendment search and seizure claims arising from his arrest because they were *Heck*-barred.  *See*

*Heck*, 512 U.S. at 483-87; *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011) (recognizing that *Heck* extends to Fourth Amendment search and seizure claims). However, because claims barred by *Heck* should be dismissed without prejudice, we vacate the judgment as to these claims, and remand with instructions for the district court to dismiss these claims without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam).

Rowell's remaining contentions, including those relating to not having been prosecuted for the "ex felon failure to change address" charge, are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**