**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

—————

Nos. 06-1795
     06-1832

JUAN RODRÍGUEZ,

Petitioner, Appellant,

v.

DRUG ENFORCEMENT ADMINISTRATION,

Respondent, Appellee.

—————

APPEALS FROM THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

—————

Before

Torruella, Lynch and Lipez,
Circuit Judges.

—————

Juan Rodríguez on brief pro se.
Jean B. Weld, Assistant U.S. Attorney and Thomas P. Colantuono, United States Attorney on brief for appellee.

—————

March 30, 2007

—————

**Per Curiam**. The appellant filed suit alleging that an administrative forfeiture of $ 1905.00 violated due process because he had contested the forfeiture, and he received no notices in the administrative proceeding after an initial notice of seizure. The district court dismissed for lack of subject matter jurisdiction. We vacate and remand with instructions that the district court consider the merits of the appellant's due process claims.

In dismissing for lack of subject matter, the district court read the appellant's complaint too narrowly. The appellant alleged that DEA clearly misconstrued his petition by interpreting it as seeking only mitigation or remission. He argued that if he had not intended to contest the forfeiture, he would have had no reason to file the petition under oath (by the appropriate deadline), and argue that the money could not be forfeited because it was obtained legally and intended for legitimate purposes.

A clear misconstrual of his petition states a due process claim within the district court's subject matter jurisdiction. Gonzalez-Gonzalez v. United States, 257 F.3d 31 (1st Cir. 2001); United States v. Giraldo, 45 F.3d 509 (1st Cir. 1995). The appellant was entitled to an opportunity to be heard, with effect given to the substance of his petition. United States v. One 1987 Jeep Wrangler, 972 F.2d 472 (2nd Cir. 1992); Longenette v. Krusing, 322 F.3d 758 (3rd. Cir. 2003); Scarabin v. Drug Enforcement Admin., 919 F.2d 337 (5th Cir. 1990); Marozsan v. United States, 852 F.2d

-2-

1469 (7th Cir. 1988); Gete v. Immigration & Naturalization Serv., 121 F.3d 1285 (9th Cir. 1997).

Concerning the government's argument that the appellant never used the term 'claim', which goes to the merits of the claim, we note that if special language was required, the notice should have said so. The appellant was entitled to notice that was not patently misleading or uninformative. United States v. One Ford Coach, 307 U.S. 219 (1939); Glasgov v. United States Drug Enforcement Admin., 12 F.3d 795 (8th Cir. 1993).

The appellant also claimed that the administrative proceeding denied due process because he received no notices in the ongoing proceeding. He could neither correct DEA's misconstrual of his petition nor seek timely reconsideration of the denial of administrative relief.

While certified mail may often satisfy due process, the inquiry is fact-specific. United States v. One Star Class Sloop Sailboat, 458 F.3d 16, 22-3 (1st Cir. 2006). The district court did not explore whether the notice was reasonable under the specific circumstances of this case. The record supported the appellant's contention that MCI-Concord twice signed certified mail receipts on his behalf when he was elsewhere, and DEA had some reason to know that he was elsewhere. We have warned that "the government must show, if the issue is contested, that the notice was mailed to the prison in which the claimant was in fact being held." Whiting v.

<u>United States</u>, 231 F.3d 70, 76-77 (1st Cir. 2000). *See also* <u>United States</u> v. <u>Williams</u>, 130 Fed. App. 301 (11th Cir. 2005). Moreover, if the government knew or had reason to know that the notice would not reach the appellant then notice was inadequate. <u>Jones</u> v. <u>Flowers</u>, 126 S. Ct. 1708, 1717 (2006).

Finally, concerning MCI-Concord, we warn: "if the government knew that mail delivery in a particular prison was unreliable but sent the notice by this means without any other precaution, mail delivery would not satisfy due process." <u>Whiting</u>, 231 F.3d at 77.

We <u>vacate</u> and remand with instructions that the district court entertain the merits of the appellant's claims.

<u>So ordered</u>. 1st Cir. Loc. R. 27.0(c).