NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-4929-11T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TWO THOUSAND TWO HUNDRED
NINETY-THREE DOLLARS ($2,293)
IN UNITED STATES CURRENCY,

    Defendant.

---

| APPROVED FOR PUBLICATION |
| --- |
| **July 17, 2014** |
| **APPELLATE DIVISION** |

Argued March 4, 2014 — Decided April 24, 2014

Before Judges Messano, Hayden and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Special Civil Part, Union County, Docket No. DC-6978-09.

Rachel E. King argued the cause for appellant James Baker (Appellate Litigation Clinic Earle Mack School of Law at Drexel University, attorneys; Amy Montemarano, on the brief).

Thomas Haluszczak, Jr., Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent State of New Jersey (Grace H. Park, Acting Union County Prosecutor, attorney; Mr. Haluszczak, of counsel and on the brief).

The opinion of the court was delivered by

MESSANO, P.J.A.D.

James Baker appeals from the Law Division's order of April 18, 2012, that denied his motion for the return of certain property, specifically $2293 (the monies) seized by the State of New Jersey (the State). We set forth the procedural history.

On April 16, 2009, the State filed a complaint in the Law Division, Special Civil Part, seeking forfeiture of the monies. See N.J.S.A. 2C:64-3(a). The complaint alleged that the monies, along with eighty-five glassine envelopes of suspected heroin and other drug paraphernalia, were seized on January 22, 2009, during the execution of a search warrant by the Elizabeth Police Department. The complaint demanded a jury trial. Attached to the complaint was a lab report and supporting documentation demonstrating the substance seized was heroin.

Baker filed an answer pro se. He alleged that the State actually seized "approximately $2,800," which was money "he receive[d] from side work with his friend[s]," and he further denied that drugs were ever sold from his house or car, the locations for which the search warrant had been issued. Baker attached two documents that allegedly supported his claim to the monies. A trial was scheduled for June 8, but the State sought and was granted a stay of the proceedings pending resolution of the criminal charges. See N.J.S.A. 2C:64-3(f).

Baker was subsequently indicted and charged with third-degree possession of heroin, N.J.S.A. 2C:35-10a(1); third-degree possession of heroin with intent to distribute, N.J.S.A. 2C:35-5b(3); and third-degree possession heroin within 500 feet of a public housing facility, N.J.S.A. 2C:35-7.1. A jury found Baker guilty of all charges, and on January 6, 2012, the judge sentenced him to a five-year term of incarceration with a thirty-month parole disqualifier.

The record does not disclose if the stay of trial was ever vacated. Nevertheless, on April 18, 2012, Baker filed a pro se motion seeking the return of the monies; he requested oral argument. The certification supporting the motion essentially reasserted the claims in the answer Baker originally filed in 2009.

The State opposed the motion, relying upon N.J.S.A. 2C:64-3(j).[1] The prosecutor asserted that the monies were "on [Baker's] person [when] he was arrested and charged with the crimes for which he has been duly found guilty, monies which

---

[1] That section provides: "Evidence of a conviction of a criminal offense in which seized property was either used or provided an integral part of the State's proofs in the prosecution shall be considered in the forfeiture proceeding as creating a rebuttable presumption that the property was utilized in furtherance of an unlawful activity." N.J.S.A. 2C:64-3(j).

were found in close proximity to significant quantities of heroin." The assistant prosecutor also stated:

> [T]he State respectfully . . . asserts . . . that it has no burden to proceed with at this time. The State is entitled to a rebuttable presumption that . . . [the] monies are tainted by criminal activity. It is up to . . . Baker to come forward and affirmatively prove that such funds are legitimate. His alleged bank statements only show random deposits of cash from no verifiable legitimate source of funds and/or employment for the year 2009.

The clerk of the court mailed notices to both parties on May 2, 2012, informing them that the hearing on Baker's motion was scheduled for May 16, 2012. The notice to Baker was sent to "N-S-P P.O. BOX 2300, NEWARK, NJ 07114," the address Baker used when he filed his motion. On May 7, the prosecutor wrote to the assistant civil division manager, advising of defendant's incarceration. He asked "whether you will still proceed or adjourn the matter upon . . . Baker's release from prison." The record does not reveal whether the court responded.

On the same day, the notice to Baker was returned to the court with the markings, "RETURN TO SENDER[;] INSUFFICIENT ADDRESS[;] UNABLE TO FORWARD." There is no indication in the record that the court took any further action.

On May 16, in appellant's absence, the prosecutor appeared before the judge, and the following colloquy occurred:

COURT: Unfortunately, [Baker is] not here and the reason he's not here is because he is in jail.

. . . .

So we have to deal without him.

PROSECUTOR: Well, yes, Judge, unfortunately.

COURT: [Baker] gives me no proof . . . that the $[2293] is other [sic] than anything to do with his private life.

PROSECUTOR: Well, he hasn't provided any proof, Judge.

COURT: There's no proof at all.

. . . .

And there's a presumption that if you're arrested and you've got money on you, that that money comes from a drug deal, I would imagine.

. . . .

PROSECUTOR: [Baker] failed his burden of proof and I stand on the evidence admitted in the criminal case. And, accordingly, would ask [y]our [h]onor to dismiss his motion.

COURT: That's what I'm going to do.

. . . .

The motion is denied.

. . . .

For the reasons that you have stated and I have stated.

The prosecutor then marked three exhibits, which included an expert witness report from Detective Martin Lynch, Lynch's curriculum vitae and a currency seizure report. The judge examined the documents, entered them into evidence, and concluded they showed "clearly that the drugs and the money were related to each other." The judge entered the order under review.[2]

Baker's essential argument is that he was denied due process because he failed to receive any, much less adequate, notice of the motion hearing. He also contends that the judge erred in applying the presumption contained in N.J.S.A. 2C:64-3(j), and that a remand is necessary for a trial on the State's complaint. In large part, we agree that Baker was denied the opportunity to contest the essential allegations contained in

---

[2] The order is clearly interlocutory because it only denied Baker's motion and did not enter final judgment in favor of the State. See R. 2:2-3(a)(1) (providing for appeal as of right only "from final judgments of the Superior Court trial divisions"). At oral argument before us, both parties agreed that, although final judgment was not entered, they viewed the order denying Baker's motions as dispositive of all claims in the case, and the State acknowledged that it was proceeding on the assumption that the order effectively granted it a judgment of forfeiture regarding the monies. Under these unique circumstances, we exercise our discretion and consider Baker's notice of appeal as a timely-filed motion for leave to appeal, which we grant nunc pro tunc. See Pressler & Verniero, Current N.J. Court Rules, comment on R. 2:2-4 (2014).

the complaint. Therefore, we reverse and remand the matter for trial.

We digress briefly to explain the statutory scheme that permits the State to seek forfeiture of the monies. A forfeiture action is brought not against the owner of a res, but instead against the res itself. State v. Seven Thousand Dollars, 136 N.J. 223, 232-33 (1994). However, our courts have recognized that certain constitutional protections attach to the owner. See id. at 239 ("[T]he legal fiction of in rem proceedings against the property cannot obscure the fact that forfeiture really sanctions the owner of the property."). The Forfeiture Statute, N.J.S.A. 2C:64-1 to -9, must be strictly construed against the State "in a manner as favorable to the person whose property is to be seized as is consistent with the fair principles of interpretation." Seven Thousand Dollars, supra, 136 N.J. at 238 (citations omitted). The Court has recognized "the criminal character of forfeiture proceedings despite its adoption of the civil burden of proof, and has impressed on civil forfeiture proceedings certain protections normally associated with criminal trials." Id. at 239 (citations omitted); see also State v. One 1990 Honda Accord, 154 N.J. 373, 393 (1998) (holding that the right to a jury trial applies to forfeiture cases).

"In New Jersey, as elsewhere, [t]he essential components of due process are notice and an opportunity to be heard." First Resolution Inv. Corp. v. Seker, 171 N.J. 502, 513-14 (2002) (alteration in original) (internal quotation marks and citation omitted). We have held "[d]ue process requires that deprivation of property by state action be preceded by notice and an opportunity to be heard." Twp. of Jefferson v. Block 447A, Lot 10, 228 N.J. Super. 1, 4 (App. Div. 1988) (citation omitted). In other settings involving the deprivation of property rights, the United States Supreme Court has held "the government's knowledge that notice pursuant to the normal procedure was ineffective trigger[s] an obligation on the government's part to take additional steps to effect notice." Jones v. Flowers, 547 U.S. 220, 230, 126 S. Ct. 1708, 1716, 164 L. Ed. 2d 415, 428 (2006); see also Twp. of Brick v. Block 48-7, Lots 34, 35, 36, 202 N.J. Super. 246, 254 (App. Div. 1985) (remanding to determine whether, based in part upon the return of mailed notice, government officials had actual knowledge that notice of impending foreclosure suit would likely not be delivered).

Our research has not revealed, nor have the parties cited, any New Jersey case that specifically deals with the issue of inadequate notice and its effect thereupon forfeiture proceedings arising from a criminal prosecution. However, other

jurisdictions have considered the issue directly, some in circumstances where, as here, the government knew that the notice provided was actually not received.  In <u>United States v. One Toshiba Color Television</u>, 213 <u>F.</u>3d 147, 149-50 (3d Cir. 2000), the court set aside a forfeiture judgment, finding that mailed notice to the inmate was inadequate absent demonstration that the procedures at the facility were "reasonably calculated to deliver the notice to the intended recipient."  In another federal forfeiture case, <u>Rodriquez v. Drug Enforcement Admin.</u>, 219 <u>Fed. Appx.</u> 22 (1st Cir. 2007), the court held that "if the government knew or had reason to know that the notice would not reach the appellant then notice was inadequate."  <u>Id.</u> at 23 (citing <u>Flowers</u>, <u>supra</u>, 547 <u>U.S.</u> at 230, 126 <u>S. Ct.</u> at 1716, 164 <u>L. Ed.</u> 2d at 428); <u>see also</u> <u>Volpe v. United States</u>, 543 <u>F. Supp.</u> 2d 113, 119-20 (D.Mass. 2008) (setting aside forfeiture because the written notice of seizure was returned with the marking "addressee unknown," and government failed to make reasonable efforts to ascertain the claimant's current address); <u>State v. Twenty-Eight Thousand Six Hundred Eighteen Dollars</u>, 212 <u>P.</u>3d 502, 506 (Okla. Civ. App. 2009) ("In a civil forfeiture proceeding, when certified mail is returned unclaimed, a reasonable effort must be made to determine if another address

for the claimant may be found before the prosecuting agency may conclude that the claimant's address is 'unknown.'").

The State argues that Baker's presence at the motion was not mandatory, because he had only a qualified right to be present at any trial on the forfeiture complaint. We do not necessarily disagree.

However, Rule 6:3-3(c)(1) provides that "[n]o oral argument of a motion shall be permitted unless specifically demanded by a party or directed by the court." In this case, Baker specifically sought an opportunity to orally argue the motion. In the Special Civil Part, "[o]ral argument is required to be granted as of right on timely request, the date and time to be set by the court, which will then advise the parties." Pressler & Verniero, Current N.J. Court Rules, comment on R. 6:3-3 (2014).

More importantly, as noted, the State and the judge apparently viewed the motion hearing as the equivalent of a trial on the merits of the State's complaint. In this regard, the court was required at a minimum to provide adequate notice of the proceeding and accord Baker, who had filed an answer to the complaint, an opportunity to appear and present a defense.

In Beneficial of New Jersey v. Bullock, 293 N.J. Super. 109, 110 (App. Div. 1996), we considered an inmate's challenge

A-4929-11T3

to a default judgment entered against him while incarcerated. On the trial date, the defendant failed to appear, and he asserted that the default judgment was improperly entered because he was unable to secure transportation from the prison. Ibid. We held that "if [an] inmate asserts the right to defend, or a meritorious defense, the trial court must determine how to proceed after considering the totality of circumstances and balancing the equities." Id. at 112. Those considerations include

> the position of the parties with respect to the needs for a speedy disposition, the . . . efforts of the parties to secure defendant's presence, including the defendant's ability and plaintiff's willingness to pay, the nature and complexity of the action and the expected length of incarceration, 'whether the prisoner's claims are substantial;' 'whether a determination of the matter can reasonably be delayed until the prisoner is released;' 'whether the prisoner can and will offer admissible, noncumulative testimony which cannot be offered effectively by deposition, telephone or otherwise;' 'whether the prisoner's presence is important in judging his demeanor and credibility compared with that of other witnesses;' 'whether the trial is to the court or to a jury' and 'the prisoner's probability of success on the merits.'
>
> [Id. a 112-13 (citation omitted); see also United Jersey Bank v. Siegmeister, 163 N.J. 392, (2000) (where the Court remanded for consideration utilizing the factors cited in Bullock).]

Here, it is undisputed that Baker intended to contest the merits of the State's complaint. He filed an answer setting forth his defense, attached exhibits that he claimed demonstrated the monies were not the proceeds of illegal activity and affirmatively moved for the return of the monies.

Additionally, there is a regulatory scheme in place that governs the costs of transporting an inmate to court for appearance in certain "civil action[s]." N.J.A.C. 10A:3-9.13. When the inmate "is a defendant and the plaintiff is a governmental entity," those costs are borne by the Department of Corrections. N.J.A.C. 10A:3-9.13(a)(3). While Baker was not technically a "defendant" in this litigation, for the reasons cited, he was effectively the party in interest defending against the State's forfeiture case and entitled to certain due process safeguards. Thus, the regulations anticipated and authorized the judge to have ordered Baker's presence for the ultimate hearing on the merits of the State's forfeiture complaint.

Therefore, to the extent the court and the State viewed the disposition of the motion as the equivalent of final judgment on the forfeiture complaint, we reverse the order under review and remand the matter to the Law Division for trial on the State's

complaint. Baker shall be provided with notice of trial and the court shall order his production.[3]

Baker also argues that the judge misapplied the presumption contained in N.J.S.A. 2C:64-3(j). We address that point to provide guidance in the event there are future proceedings.

Under the Forfeiture Act, property may be categorized as either prima facie contraband or derivative contraband. Seven Thousand Dollars, supra, 136 N.J. at 233. Prima facie contraband includes items such as "controlled dangerous substances; firearms unlawfully possessed, carried, acquired or used; illegally-possessed gambling devices; untaxed cigarettes; and untaxed special fuel." Ibid. (citing N.J.S.A. 2C:64-1a(1)). Derivative contraband, on the other hand, is itself innocent in nature but subject to forfeiture because it either has been used or is intended to be used in furtherance of an unlawful activity or represents proceeds of illegal activities. N.J.S.A. 2C:64-1(a)(2)-(4).

---

[3] We hasten to add that it is unclear from the record what might have happened had Baker never made the motion and the complaint remained subject to the stay previously entered. We note that the prosecutor specifically inquired whether the court intended to adjourn the motion until Baker was released. We do not, therefore, foreclose consideration of whether the forfeiture complaint should remain subject to the stay pending Baker's completion of his sentence.

N.J.S.A. 2C:64-3 governs forfeiture actions involving derivative contraband. To forfeit derivative contraband, the State must bring a civil action within ninety days of its seizure. N.J.S.A. 2C:64-3(a). The State must then prove by a preponderance of the evidence that there is a "proximate and substantial" causal connection between the property and an indictable offense. Seven Thousand Dollars, supra, 136 N.J. at 234-35. N.J.S.A. 2C:64-3(j) provides the State with an evidentiary presumption if two prerequisites are satisfied: the State must demonstrate (1) evidence of a conviction; and (2) that the seized property "was either used or provided an integral part of the State's proofs in the prosecution."

Undoubtedly, the thrust of the prosecutor's argument at the motion hearing was that the State had proven these two prerequisites. Based upon the record before us, we conclude that the State demonstrated Baker had been convicted, since it attached a copy of the judgment of conviction to its opposition to Baker's motion. Whether the State satisfied the second prerequisite is unclear. Lynch's report was based upon his examination of the prosecutor's file. He concluded Baker possessed the CDS "with the intent to distribute" based on five factors, including $2000 "seized in denominations . . . commonly seen from street level drug proceeds." The judge never

determined whether this was sufficient to establish that the monies were "used [in] or provided an integral part of the State's proofs in the prosecution." N.J.S.A. 2C:64-3(j).

Instead, when he considered the issue, the judge simply stated that the presumption applied because, "if you're arrested and you've got money on you, . . . that money comes from a drug deal . . . ." (Emphasis added). That was a misstatement of the law.

At trial, the State is required to prove the prerequisites that permit the presumption to be found in the first instance. Moreover, like any other presumption, it may be rebutted by other evidence adduced from whatever source, be it proof adduced by the State or by Baker himself.

Reversed and remanded for further proceedings consistent with this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION