**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1982-22

FIDELITY ASSET
MANAGEMENT, LLC,

    Plaintiff-Respondent,

v.

LORE SMITH, her heirs,
devisees and personal
representatives and any of
her, their or any of their
successors in right, title and
interest, VIRTUA HEALTH &
REHABILITATION CENTER
AT MT. HOLLY, and STATE
OF NEW JERSEY,

    Defendants,

and

KURT V. SMITH,

    Defendant-Appellant.

_____

Submitted January 31, 2024 – Decided March 4, 2024

Before Judges Accurso and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-005657-21.

Kurt V. Smith, appellant pro se.

Honig & Greenberg, LLC, attorneys for respondent (Adam D. Greenberg, on the brief).

PER CURIAM

Defendant Kurt V. Smith appeals from the denial of his Rule 4:50 motion to vacate a tax foreclosure judgment. Because the record reveals plaintiff Fidelity Asset Management LLC established it complied with all the steps necessary to enter the final judgment, and defendant failed to demonstrate excusable neglect, a meritorious defense or the existence of exceptional circumstances to justify setting it aside, we affirm. See US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 457 (2012).

Because the appeal arises out of a default judgment in a tax foreclosure, the facts in the record are not extensive. What we know is that the property was a single-family home owned by defendant's late mother and the real estate taxes were current at the time of her death on October 16, 2018, when she perished, along with her companion, in a fire that destroyed the dwelling.

Because defendant was apparently his mother's only heir, the property passed to him immediately on her death. See McTamney v. McTamney, 138

2

N.J. Eq. 28, 31 (Ch. 1946) (Judge Jayne explaining "the fundamental principle of modern law that the fee in real property must always be vested in someone").  A little over a week after the fourth-quarter taxes came due on November 1, 2018, however, defendant was arrested and detained on homicide and arson charges alleging he caused the deaths of his mother and her companion by starting the fire, and the taxes went unpaid.

The property went to tax sale in September 2019.  Plaintiff purchased the tax sale certificate at the auction and sent a notice of intent to foreclose to defendant's mother at the property in October 2021.  Plaintiff filed its complaint to foreclose the certificate the following month.

In February 2022, defendant was convicted by a jury of two counts of second-degree reckless manslaughter, N.J.S.A. 2C:11-4(b)(1), and sentenced to an aggregate extended term of eleven years in State prison, subject to the periods of parole ineligibility and supervision required by the No Early Release Act, N.J.S.A. 2C:43-7.2.[1]

---

[1]  The jury deadlocked on the arson charge.  The State elected not to re-try defendant on that count, and it was dismissed at sentencing.  We affirmed defendant's convictions and remanded his sentence for the judge to address the real time consequences of the sentence pursuant to N.J.S.A. 2C:43-2(f).  State v. Smith, A-2068-21 (App. Div. Dec. 3, 2023) (slip op. at 26).  Defendant's petition for certification is pending in the Supreme Court as of this writing.

A-1982-22

In March 2022, plaintiff filed an amended complaint to add defendant, serving him personally in the Burlington County Jail on April 5, 2022. The clerk's office rejected defendant's answer to the complaint because it was not accompanied by the filing fee and his certification in support of a fee waiver because it was not complete.[2] Although the clerk's office sent defendant a letter advising him of the problem and how to correct it, defendant claims he never received the letter as he was transferred from the county jail to State prison four days after mailing his answer.

With defendant having not corrected the problems with his answer, default was entered on May 12. The court subsequently entered an order fixing August 15, 2022, as the date to redeem the certificate in the amount of $7,151.05. Defendant acknowledged timely service of that order at Mid-State Correctional Facility. After defendant failed to redeem on that date, final

---

[2] In his proposed pleading, defendant claimed he was never notified "of any past foreclosure notice" and claimed he had attempted to pay the taxes "well before the sale of the property" to plaintiff, but the Township Tax Office refused to "accept the money." Defendant also explained that his was a hardship case as the house was "completely destroy[ed] with no home insurance." In his certification in support of a fee waiver, defendant asserted he was without "sufficient funds or assets with which to pay the filings fees associated with this action," attaching a Uniform Defendant Intake form dated February 8, 2022, which included a statement from a probation officer stating defendant "does not appear to have the ability to make regular payments toward any court imposed fines/penalties/assessments at this time."

A-1982-22

judgment foreclosing his right of redemption was subsequently entered on September 20, 2022. Defendant acknowledges timely service of the judgment.

In December 2022, defendant moved to reopen the judgment under Rule 4:50-1 to allow him the opportunity to redeem, asserting his incarceration had made it impossible for him to appear and redeem the certificate on the date previously appointed. Although defendant had not designated which section of the Rule he was invoking, Judge Fiamingo considered the motion under subsection "(a) mistake, inadvertence, surprise or excusable neglect" and subsection "(f) any other reason justifying relief from the operation of the judgment or order," and found defendant could not qualify for relief under either section.

In a comprehensive written statement of reasons, Judge Fiamingo rejected defendant's assertion that his incarceration had prevented him from filing an answer or acting to redeem the certificate. Acknowledging the case law instructing that "before a default judgment can be entered against an inmate for 'nonappearance,' the trial court must treat with liberality an inmate's endeavor to defend," Beneficial of N.J. v. Bullock, 293 N.J. Super. 109, 112 (App. Div. 1996), the judge found default judgment here was not entered based on defendant's "non-appearance." Instead, default judgment was appropriately

A-1982-22

entered because defendant could point to no irregularity in plaintiff's purchase of the tax sale certificate and had failed to demonstrate any ability to redeem it.

The judge rejected defendant's assertion that his incarceration had prevented him from timely appointing someone to access his bank account and appear at the place of redemption with the funds necessary to redeem. Reviewing the power of attorney defendant had attached to his motion papers, Judge Fiamingo noted it did not give defendant's attorney in fact the power to access defendant's bank accounts. Instead, analyzing the language of the power, the judge found it appeared "to have been given to permit the attorney in fact to purchase the subject property, but not to access funds to permit the redemption of the tax sale certificate."[3]

Even more important, defendant had failed to present any "evidence of the availability of funds in any account, or elsewhere, available to redeem the tax sale certificate." Specifically, the judge noted defendant had sought a fee

_____

[3] Judge Fiamingo noted the well-settled law providing that prior to filing of a tax foreclosure complaint, "[a] property owner may finance the redemption from any source and sell his interest for any amount to any person," but "[a]fter the filing . . ., both the property's sale and the redemption procedure are subject to court supervision, primarily to protect property owners from exploitation by third-party investors." Simon v. Cronecker, 189 N.J. 304, 320 (2007).

A-1982-22

waiver in connection with his answer, certifying "that he did not 'have sufficient funds or assets with which to pay the filing fees associated with this action.'" The judge found "[t]hose fees, less than $200.00, were significantly less than the amounts needed to redeem the tax sale certificate" and defendant had failed to "explain the discrepancy" between his April 2022 certification that he did not have the $175 for the filing fee "and his claimed ability in August 2022 to redeem the tax sale certificate, which exceeded $7,000.00 at that time."

The judge found defendant had acknowledged both service of the complaint and of the order setting the amount, place and time for redemption, as well as the final judgment. But he had not, however, provided the court any proof of the availability of funds to redeem the tax sale certificate or "any credible proof that the funds to make payment of the redemption price would be made by an individual authorized to do so by the statute." See N.J.S.A. 54:5-54 (setting forth the persons and entities with the right to redeem).

Finally, the judge found that assuming for argument's sake that defendant had the funds available to redeem, he "failed to demonstrate that the delay from April 2022 when he became aware of the pendency of this foreclosure action until December 2022, when he filed this motion, was

justifiable" even in light of the circumstances of his incarceration. The judge found defendant had been provided "sufficient notice of the date, place and amount of redemption, yet he failed to take any action until several months thereafter and only after final judgment had been entered." Judge Fiamingo concluded those circumstances precluded relief under Rule 4:50-1(a) or (f).

Defendant appeals reprising his arguments to the trial court that his incarceration made it impossible for him to be at the township tax office on the day fixed for redemption, and that it took him time "to acquire a trustee with power of attorney" to act on his behalf. He adds that the court misconstrued the power of attorney, which gave his attorney in fact the power "to oversee the property" and "to do every act necessary or proper to carry out his authority as fully as [defendant] could do if personally present."

"Although courts are empowered to confer absolution from judgments, '[r]elief [under this rule] is granted sparingly.'" DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (quoting F.B. v. A.L.G., 176 N.J. 201, 207 (2003)). "A motion under Rule 4:50-1 is addressed to the sound discretion of the trial court," and we review its decision whether to reopen a judgment only for clear abuse of discretion. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994).

Having reviewed the record, we cannot find Judge Fiamingo abused her considerable discretion in denying defendant relief. Although defendant insists he has a meritorious defense to the action, the record is to the contrary. Defendant does not deny the taxes on the property went unpaid or assert any irregularity in the sale of the certificate to plaintiff, and he acknowledges service of the complaint and the order setting the time and place of redemption. Although he claims his incarceration prevented his timely execution of a power of attorney to allow an agent to access his bank account for funds to redeem the certificate, the power he submitted to the court does not provide his attorney in fact the power to do either of those things.

In addition, the judge is correct that defendant has never demonstrated any ability to redeem the certificate. Defendant makes no representation in his appellate brief that he has the ability to do so, and the power of attorney he proffered to the trial court does not represent an arrangement to make payment. In the absence of any ability to redeem, reopening the judgment will not change the result here. See BV001 REO Blocker, LLC v. 53 West Somerset Street Properties, LLC, 467 N.J. Super. 117, 125 n.3 (App. Div. 2021) (explaining "a meritorious defense is required so that 'there is some possibility that the outcome' after restoration 'will be contrary to the result

achieved by the default'") (quoting 10A Charles A. Wright et al., <u>Federal Practice & Procedure</u> § 2697 (4th ed. 2020)).

Because defendant has not met his burden to demonstrate either excusable neglect, a meritorious defense or the existence of any exceptional circumstances warranting the setting aside of the final judgment, we affirm, essentially for the reasons expressed in Judge Fiamingo's thorough and thoughtful statement of reasons.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1982-22